## WILLIAMS *v.* UNITED STATES

No. 90–6297.   Argued November 6, 1991—Decided March 9, 1992

194

O'CONNOR, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and BLACKMUN, STEVENS, SCALIA, SOUTER, and THOMAS, JJ., joined. WHITE, J., filed a dissenting opinion, in which KENNEDY, J., joined, *post*, p. 207.

*Kenneth H. Hanson,* by appointment of the Court, 499 U. S. 973, argued the cause and filed briefs for petitioner.

*Amy L. Wax* argued the cause for the United States. With her on the brief were *Solicitor General Starr, Assistant Attorney General Mueller, Deputy Solicitor General Bryson,* and *Kathleen A. Felton.*

JUSTICE O'CONNOR delivered the opinion of the Court.

The Sentencing Reform Act of 1984 (Act), as amended, 18 U. S. C. § 3551 *et seq.,* 28 U. S. C. §§ 991–998, created the United States Sentencing Commission and empowered it to promulgate guidelines establishing sentencing ranges for different categories of federal offenses and defendants. The

Act permits a district court to depart from the presumptive sentencing range prescribed by the Sentencing Guidelines only in certain circumstances. 18 U. S. C. § 3553(b). The Act also provides for limited appellate review of sentences in order to ensure the proper application of the Guidelines. § 3742. In this case, we consider the scope of appellate review, under the Act, of a sentence in which a district court has departed from the guideline sentencing range.

I

Petitioner Joseph Williams, a previously convicted felon, was the subject of an investigation conducted by the Bureau of Alcohol, Tobacco and Firearms in 1988 and 1989. He was indicted and convicted after a jury trial in the United States District Court for the Western District of Wisconsin for possession of a firearm while a convicted felon in violation of 18 U. S. C. § 922(g)(1).

The presentence report assigned Williams a criminal history category of V. App. 48. Combined with an offense level of 9, the applicable sentencing range under the Guidelines was 18 to 24 months. *Ibid.* The District Court departed upward from this range pursuant to § 4A1.3 of the Guidelines Manual, which allows a district court to increase a criminal history classification if "reliable information" indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal background or propensity for future criminal conduct. United States Sentencing Commission, Guidelines Manual § 4A1.3, p. s. (Nov. 1991) (USSG). The District Court determined that Williams' criminal history category was inadequate because it did not include two convictions that were too old to be counted in the Guidelines' criminal history calculation, see § 4A1.2(e)(1), and because it did not reflect several prior arrests. App. 53–54. Citing these two factors, the court looked to the next highest criminal history category, for

which the guideline range was 21 to 27 months. *Id.*, at 53–54. The court then sentenced Williams to 27 months' imprisonment and explained that it was selecting a sentence at the high end of the guideline range because Williams had previously been convicted for the same offense and because he had threatened an undercover agent in this case. *Id.*, at 55–56.[1]

The United States Court of Appeals for the Seventh Circuit upheld the conviction and the sentence. 910 F. 2d 1574 (1990). It agreed with the District Court that, under the circumstances of this case, the two outdated convictions were "reliable information" indicating more extensive criminal conduct than was reflected by Williams' criminal history category. *Id.*, at 1579. It rejected, however, the District Court's reliance upon Williams' prior arrests not resulting in prosecution. Although the Guidelines allow a court to consider "prior similar adult criminal conduct not resulting in a criminal conviction" in determining whether a departure is warranted, they prohibit a court from basing a departure on a prior arrest record alone. USSG § 4A1.3, p. s. The Court of Appeals asserted that "the determination that the arrests indicated similar criminal conduct must be based on facts apart from the arrest record itself," 910 F. 2d, at 1580, and held that the District Court had not adequately explained the factual basis for its use of Williams' prior arrests as a ground for departure. *Ibid.*

Although it invalidated one of the two grounds mentioned by the District Court in its decision to depart, the Court of Appeals nevertheless affirmed Williams' sentence. It relied upon the Seventh Circuit precedent of *United States* v. *Franklin*, 902 F. 2d 501 (CA7), cert. denied *sub nom. Mann*

---

[1] Our reading of the sentencing transcript thus does not accord with the dissent's understanding that the District Court also considered Williams' prior conviction for the same offense in its decision to depart. See *post*, at 208.

v. *United States,* 498 U. S. 906 (1990), which held that when a sentencing court uses both proper and improper factors to justify a departure, the sentence can be affirmed if it is reasonable in light of the proper factors standing alone. 902 F. 2d, at 508–509. Applying *Franklin,* the Court of Appeals concluded that, despite the District Court's error in considering Williams' prior arrest record, the court had "correctly determined that Mr. Williams' criminality was not reflected properly in the criminal history category and that the relevant evidence justified the rather modest increase in sentence." 910 F. 2d, at 1580.

We granted certiorari, 499 U. S. 918 (1991), to resolve a conflict among the Circuits on whether a reviewing court may affirm a sentence in which a district court's departure from the guideline range is based on both valid and invalid factors. Compare *United States* v. *Zamarripa,* 905 F. 2d 337, 342 (CA10 1990) (when one or more of the stated grounds for departure is invalid, the case must be remanded for resentencing); *United States* v. *Hernandez-Vasquez,* 884 F. 2d 1314, 1315–1316 (CA9 1989) (same), with *United States* v. *Franklin, supra,* at 508–509 (when one or more of the stated grounds for departure is invalid, appellate court may affirm if sentence is still reasonable in light of remaining factors); *United States* v. *Rodriguez,* 882 F. 2d 1059, 1066–1068 (CA6 1989) (same), cert. denied, 493 U. S. 1084 (1990); *United States* v. *Hummer,* 916 F. 2d 186, 195, n. 8 (CA4 1990) (same), cert. denied, 499 U. S. 970 (1991).

II

The Act provides that a district court may depart from the sentencing range set by the Guidelines only when it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U. S. C. § 3553(b). A defendant may file an appeal if a sentence was imposed in violation of law or as a

result of an incorrect application of the Guidelines, or if the district court departed upward from the guideline range. § 3742(a). Similarly, the Government may file an appeal if a sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines, or if the district court departed downward from the guideline range. § 3742(b).

For both types of appeal, § 3742(f) delineates the following narrow scope of review:

"If the court of appeals determines that the sentence—

"(1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

"(2) is outside the applicable guideline range and is unreasonable or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions and—

"(A) if it determines that the sentence is too high and the appeal has been filed [by the defendant], it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

"(B) if it determines that the sentence is too low and the appeal has been filed [by the Government], it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

"(3) is not described in paragraph (1) or (2), it shall affirm the sentence."

## A

In the case before us, Williams urges that the District Court's use of his arrest record as a ground for departure was a misapplication of the Guidelines and that the "incor-

rect application" standard of § 3742(f)(1) means that once a departure ground is invalidated, a remand is always in order. The Government does not dispute that a district court's reliance upon an invalid factor in departing from the guideline sentencing range is appropriately characterized as an "incorrect application" of the Guidelines, but contends that a remand is only required when the error was determinative in the decision to depart.

We agree with both parties that a sentencing court's use of an invalid departure ground is an incorrect application of the Guidelines. The Guidelines echo the Act's instruction that a district court may depart from the applicable guideline range only when it finds an aggravating or mitigating circumstance "'not adequately taken into consideration by the Sentencing Commission'" in formulating the Guidelines. USSG § 1A4(b), p. s., § 5K2.0, p. s. (both quoting 18 U. S. C. § 3553(b)). Construing the plain language of the Guidelines Manual and the governing statute, we conclude that it is an incorrect application of the Guidelines for a district court to depart from the applicable sentencing range based on a factor that the Commission has already fully considered in establishing the guideline range or, as in this case, on a factor that the Commission has expressly rejected as an appropriate ground for departure.

Congress has defined "guidelines" as "the guidelines promulgated by the commission pursuant to section 994(a)." 28 U. S. C. § 998(c). Section 994(a) grants the Commission the authority to promulgate both "guidelines," § 994(a)(1), and "general policy statements regarding application of the guidelines," § 994(a)(2). The dissent draws a distinction between the "actual" guidelines and the policy statements that "interpre[t]" and "explai[n]" them; in the dissent's view, only the former can be incorrectly applied within the meaning of 18 U. S. C. § 3742(f)(1). *Post*, at 211–212. But to say that guidelines are distinct from policy statements is not to say that their meaning is unaffected by policy statements.

Where, as here, a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable Guideline. An error in interpreting such a policy statement could lead to an incorrect determination that a departure was appropriate. In that event, the resulting sentence would be one that was "imposed as a result of an incorrect application of the sentencing guidelines" within the meaning of §3742(f)(1).[2] Similarly, an erroneous calculation under the Sentencing Table, from which all Guidelines sentencing ranges are derived, could properly be reviewed as an "incorrect application of the sentencing guidelines" under §3742(f)(1) even though the Table itself is not officially designated as a "guideline." See USSG ch. 5, pt. A.

Because use of a departure ground prohibited by a policy statement can be an "incorrect application" of the Guidelines under §3742(f)(1), we also agree with both Williams and the Government that, when a district court relies upon an improper ground in departing from the guideline range, a reviewing court may not affirm a sentence based solely on its independent assessment that the departure is reasonable under §3742(f)(2). Section 3742(f) specifies two circum-

---

[2] The dissent states that an error in interpreting a policy statement governing departures "is not, in itself, subject to appellate review." *Post*, at 212. The dissent believes that all departure decisions must be reviewed under the "reasonableness" standard of §3742(f)(2) and that the "reasonableness" determination includes an assessment of whether the district court properly found an "'aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'" *Post*, at 218 (quoting 18 U. S. C. §3553(b)). But, in determining whether a circumstance was adequately taken into consideration, a court must consider "the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." §3553(b). Thus, the dissent would appear to agree that an appellate court *can* review the validity of a district court's reasons for departure for consistency with the Commission's policy statements; it simply considers that inquiry to go to the "reasonableness" of the decision to depart rather than to the correct application of the Guidelines.

stances in which a court of appeals must remand for resentencing: if the sentence was imposed as a result of an incorrect application of the Guidelines or if the sentence is an unreasonable departure from the applicable guideline range. The statute does not allow a court to focus on one remand provision to the exclusion of the other.

We do not believe that the dissent's contrary conclusion is supported by declarations from Congress and the Sentencing Commission which state that departure sentences are reviewable under § 3742(f)(2). *Post,* at 209–210, 212–213. We are unable to find any indication in those statements that departures from the Guidelines are to be reviewed *exclusively* under § 3742(f)(2). Thus, we believe that, while departure decisions are properly reviewed under § 3742(f)(2), they are *also* properly reviewed under § 3742(f)(1) when they are the result of an incorrect application of the Guidelines (considered in light of the relevant policy statements) that govern departure decisions. In order to give full effect to both provisions, therefore, the reviewing court is obliged to conduct two separate inquiries. First, was the sentence imposed either in violation of law or as a result of an incorrect application of the Guidelines? If so, a remand is required under § 3742(f)(1). If the court concludes that the departure is not the result of an error in interpreting the Guidelines, it should proceed to the second step: is the resulting sentence an unreasonably high or low departure from the relevant guideline range? If so, a remand is required under § 3742(f)(2).

Williams argues further that whenever a court of appeals finds that a district court considered an erroneous factor in sentencing, a remand is automatically required under § 3742(f)(1) in order to rectify an "incorrect application" of the Guidelines. We disagree. Section 3742(f)(1) does not call for a remand every time a sentencing court might misapply a provision of the Guidelines; rather, remand is required only if the sentence was "imposed *as a result of* an incorrect

application" of the Guidelines. When a district court has not intended to depart from the Guidelines, a sentence is imposed "as a result of" an incorrect application of the Guidelines when the error results in the district court selecting a sentence from the wrong guideline range. When a district court has intended to depart from the guideline range, a sentence is imposed "as a result of" a misapplication of the Guidelines if the sentence would have been different but for the district court's error. Accordingly, in determining whether a remand is required under §3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors.

We conclude that the party challenging the sentence on appeal, although it bears the initial burden of showing that the district court relied upon an invalid factor at sentencing, does not have the additional burden of proving that the invalid factor was determinative in the sentencing decision. Rather, once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i. e., that the error did not affect the district court's selection of the sentence imposed. See Fed. Rule Crim. Proc. 52(a).

### B

If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required under §3742(f)(1), and the court of appeals may affirm the sentence as long as it is also satisfied that the departure is reasonable under §3742(f)(2). The reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing. In assessing reasonableness under §3742(f)(2), the Act directs a court of appeals to examine the factors to be considered in imposing a

sentence under the Guidelines, as well as the district court's stated reasons for the imposition of the particular sentence. § 3742(e). A sentence thus can be "reasonable" even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure.

C

The dissent interprets the "reasonableness" standard of § 3742(f)(2) to be the sole provision governing appellate review of departure decisions. The dissent also posits a two-step test of reasonableness: the appellate court must determine the reasonableness of the district court's decision to depart based on the court's stated reasons for departure, *post*, at 218, and the appellate court must determine the reasonableness of the amount or extent of departure, *post*, at 218–220. This is similar to our two-step inquiry, see *supra*, at 201–202, for determining when a remand is required. The dissent thus agrees that "[w]here all the reasons enunciated by the district court to support departure are found to be invalid," the appellate court "must set aside the sentence and remand the case," *post*, at 218, although it would find such a remand necessary because "the departure is *per se* unreasonable," *ibid.*, and not because it was imposed "as a result of" an incorrect application of the Guidelines. When some but not all of the district court's reasons for departure are invalid, however, the dissent's position requires the appellate court to consider whether the district court *could* have based its departure on the remaining factors, *post*, at 219, and not whether it *would* still have chosen so to act, *supra*, at 203.

In practical effect, therefore, the divergence of the dissent's interpretation of the statute from our own is in the degree of an appellate court's authority to affirm a sentence when the district court, once made aware of the errors in its interpretation of the Guidelines, may have chosen a different

sentence. Although the Act established a limited appellate review of sentencing decisions, it did not alter a court of appeals' traditional deference to a district court's exercise of its sentencing discretion. The selection of the appropriate sentence from within the guideline range, as well as the decision to depart from the range in certain circumstances, are decisions that are left solely to the sentencing court. USSG § 5K2.0, p. s. The development of the guideline sentencing regime has not changed our view that, except to the extent specifically directed by statute, "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Solem* v. *Helm*, 463 U. S. 277, 290, n. 16 (1983).

Significantly, Congress amended the Act in 1986 to delete certain provisions that authorized an appellate court to correct a sentence determined to have been imposed as a result of an incorrect application of the Guidelines. See Criminal Law and Procedure Technical Amendments Act of 1986, § 73, 100 Stat. 3617. That action confirms our belief that it is the prerogative of the district court, not the court of appeals, to determine, in the first instance, the sentence that should be imposed in light of certain factors properly considered under the Guidelines.

## III

### A

At oral argument in this Court, petitioner's counsel contended that both of the District Court's stated grounds for departure were invalid and therefore that Williams' sentence must have resulted from an incorrect application of the Guidelines. Tr. of Oral Arg. 42–43. Counsel argued that not only was it improper for the District Court to rely upon Williams' prior arrest record, but also that the Guidelines prevented the court from considering convictions more than 15 years old. *Id.*, at 43. The Guidelines explicitly authorize

a district court to base a departure on outdated convictions that are "evidence of similar misconduct," see USSG § 4A1.2, comment., n. 8, but the Circuits are divided as to whether, by implication, they prohibit a departure based on nonsimilar outdated convictions. Compare, *e. g., United States* v. *Aymelek,* 926 F. 2d 64, 72–73 (CA1 1991) (nonsimilar outdated convictions may be appropriate grounds for departure); *United States* v. *Russell,* 905 F. 2d 1439, 1444 (CA10 1990) (same), with *United States* v. *Leake,* 908 F. 2d 550, 554 (CA9 1990) (upward departure can never be based on nonsimilar outdated convictions). In this case, the propriety of the District Court's consideration of Williams' nonsimilar outdated convictions was not clearly presented in the petition for certiorari and was not briefed by either party. Accordingly, we decline to review the Court of Appeals' determination that Williams' outdated convictions were reliable information that his criminal history category understated the extent of his criminal background. See 910 F. 2d, at 1578–1579.

## B

The Court of Appeals was obliged to review, under both remand provisions of § 3742(f), a departure from the guideline range in which it found one of the two stated grounds for departure to be valid and the other to be invalid. We are unable to ascertain from its opinion whether the Court of Appeals concluded that the District Court would have imposed the same sentence even without relying upon Williams' prior arrest record, see § 3742(f)(1), or whether it affirmed simply on the basis that the sentence was reasonable under § 3742(f)(2). We therefore vacate the judgment below affirming Williams' sentence, and remand the case for a determination whether the sentence was imposed "as a result of" the District Court's erroneous consideration of his prior arrests not resulting in prosecution.

*It is so ordered.*

JUSTICE WHITE, with whom JUSTICE KENNEDY joins, dissenting.

Title 18 U. S. C. § 3553(b),[1] a section of the Sentencing Reform Act of 1984 (Act), as amended, 18 U. S. C. § 3551 *et seq.* and 28 U. S. C. §§ 991–998, directs that in sentencing a convicted defendant, the district court shall impose a sentence of the kind and within the range referred to in § 3553(a)(4)[2] and established under the Guidelines issued by the Sentencing Commission, "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." If the court departs from the sentence that would be imposed within the range established pursuant to § 3553(a)(4), it must

---

[1] Section 3553(b) in relevant part states:

"(b) Application of guidelines in imposing a sentence.—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission."

[2] Section 3553(a)(4) states in full:

"(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

. . . . .

"(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U. S. C. 994(a)(1) and that are in effect on the date the defendant is sentenced . . . ."

state the specific reasons for such departure, § 3553(c).[3]  If there is an upward departure the defendant may appeal. § 3742(a)(3).[4]

In the case before us, the District Court determined that the applicable guideline range inadequately depicted the defendant's criminality for three specific reasons, and that there should accordingly be an upward departure.  The defendant, petitioner here, appealed.  The Court of Appeals found one of the reasons given by the trial court to be invalid, but on the basis of the other two reasons, which were acceptable, it affirmed the sentence imposed.  Petitioner claims that the Court of Appeals should have remanded to the District Court for resentencing.

Whether remand was required turns on the meaning and application of § 3742(f), which provides in full:

"(f) Decision and disposition.—If the court of appeals determines that the sentence—

---

[3] Section 3553(c) in relevant part states:

"(c) Statement of reasons for imposing a sentence.—The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

"(1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

"(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described."

[4] Section 3742(a)(3) states in full:

"(a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

.        .        .        .        .

"(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range . . . ."

"(1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

"(2) is outside the applicable guideline range and is unreasonable or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions and—

"(A) if it determines that the sentence is too high and the appeal has been filed under subsection (a), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

"(B) if it determines that the sentence is too low and the appeal has been filed under subsection (b), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

"(3) is not described in paragraph (1) or (2), it shall affirm the sentence."

In arriving at its conclusion that there must be a remand in this case, the majority of the Justices of this Court have concluded that there was both "an incorrect application of the sentencing guidelines," §3742(f)(1), and a sentence "outside the applicable guideline range," §3742(f)(2). Also being of the view that the Court of Appeals did not fully deal with the former subsections, the majority orders a remand to the Court of Appeals.

It is my view, however, that where there is a departure from the applicable guideline range, any appeal is governed by §3742(f)(2) alone, and not also by §3742(f)(1). This appears to be the view of the United States Sentencing Commission:

"Pursuant to the Act, the sentencing court must select a sentence from within the guideline range. If, however, a particular case presents atypical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range. In that case, the court must specify reasons for departure. 18 U. S. C. § 3553(b). If the court sentences *within the guideline range,* an appellate court may review the sentence to determine whether the guidelines were correctly applied. If the court *departs from the guideline range,* an appellate court may review the reasonableness of the departure. 18 U. S. C. § 3742." United States Sentencing Commission, Guidelines Manual § 1A.2, p. s. (Nov. 1991) (emphasis added).

The errors disposed of on appeal under § 3742(f) are to be determined under § 3742(e), which provides explicitly that, when reviewing the sentence imposed by the district court, the court on appeal shall determine only whether the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the Sentencing Guidelines; (3) is outside the applicable guideline range and is unreasonable; or (4) was imposed for an offense for which there is no applicable Sentencing Guideline and is plainly unreasonable.[5] For purposes of disposition by the appellate court, subsection (f) groups the first two and last two types of error together. The determination of error, however, occurs under subsection (e), which plainly identifies four wholly separate and distinguishable types of sentencing error—a nuance overlooked by the majority of the Court. Subsections (e)(2) and (e)(3), when read together, address different possible errors, each exclusive of the other: (e)(2) deals with possible misapplication of the Guidelines by the district court

---

[5] For its part, § 3742(e) simply mirrors the four separate grounds for appeal available to a defendant, § 3742(a), and to the Government, § 3742(b).

when determining and sentencing within the applicable guideline range; (e)(3) deals with possible errors by the district court when departing from the applicable guideline range.[6] Indeed, the majority—as well as both parties in their briefs on the merits and in response to our request for supplemental briefing—fails to define what the phrase "incorrect application of the sentencing guidelines" means. Absent such understanding, it is impossible to apply these appellate review provisions with any hope of meeting Congress' intent.

We deal here with a faulty interpretation of a policy statement, USSG § 4A1.3, p. s., by the District Court when deciding to depart from the otherwise applicable guideline range. Policy statements, however, even though contained in the Guidelines Manual, are not "guidelines" as referred to in § 3742(e)(2) and defined in the Act, 28 U. S. C. § 998(c), as "the guidelines promulgated by the Commission pursuant to section 994(a)." Congress has clearly distinguished between Guidelines and policy statements. The former are "for use of a sentencing court in determining the sentence to be imposed in a criminal case." § 994(a)(1). The latter are simply instructions "regarding application of the guidelines or any other aspect of sentencing or sentence implementation" furthering the purposes of the Act. § 994(a)(2). Only the Guidelines promulgated pursuant to § 994(a)(1) play a direct

---

[6] Commentary by the Chairman of the United States Sentencing Commission, Judge William Wilkins, Jr., of the Fourth Circuit, confirms this approach. See Wilkins, Sentencing Reform and Appellate Review, 46 Wash. & Lee L. Rev. 429, 437–444 (1989). His discussion of appellate review of guideline departures focused on the recognition that "the language of subsections 3742(e)(3) and (f)(2) . . . pertain[s] to consideration and disposition of a departure sentence appeal." Id., at 441. Indeed, the plain language of the controlling statute so clearly dictated this approach that his discussion nowhere even recognizes the possibility that subsections (e)(2) and (f)(1) are implicated on the appellate review of a departure sentence. This view has carried the day in the Fourth Circuit. See *United States* v. *Summers*, 893 F. 2d 63, 64–67 (1990) (opinion of Wilkins, J.).

role in the calculation of points pertaining to the offense level and criminal history category reduced into the Sentencing Table, USSG § 5A, from which the applicable guideline range is drawn.[7] It follows that "application of the sentencing guidelines" refers only to those Guidelines relevant to the construction of the applicable guideline range.[8]

Even though policy statements are numbered and grouped in the Guidelines Manual by means identical to actual Guidelines, see USSG § 1B1.6, their purpose is limited to interpreting and explaining how to apply the Guidelines, and— significantly—"may provide guidance in assessing the reasonableness of any departure from the guidelines," § 1B1.7. While the district court must consider policy statements when determining the appropriate sentence, see 18 U. S. C. § 3553(a)(5), the Act's legislative history could not have been more explicit that an error in their interpretation is not, in itself, subject to appellate review:

> "It should be noted that a sentence that is inconsistent with the sentencing guidelines is subject to appellate review, *while one that is consistent with guidelines but inconsistent with the policy statements is not.* This is not intended to undermine the value of the policy statements. It is, instead, a recognition that the policy statements may be more general in nature than the guidelines and thus more difficult to use in determining the right to appellate review." S. Rep. No. 98–225,

---

[7] The interrelationship of subsections (a)(4), (b), and (c) of § 3553 compels this conclusion. See *supra,* at 207–208. For within these subsections, all reference ultimately is to those actual Guidelines, as opposed to policy statements, promulgated pursuant to 28 U. S. C. § 994(a)(1).

[8] The majority misinterprets this conclusion to be only that formally designated Guidelines "can be incorrectly applied within the meaning of 18 U. S. C. § 3742(f)(1)." *Ante,* at 200. What I plainly conclude, however, is that *only* these Guidelines are part of the district court's calculus when constructing the applicable guideline range, and it was to the propriety of this construction that Congress addressed itself in § 3742(e)(2).

p. 167 (1983) (emphasis added; footnote omitted) (herein-after S. Report).[9]

The legislative history to 18 U. S. C. § 3557[10] is equally clear in this regard:

"The provisions for appellate judicial review of sentences in section 3742 are designed to reduce materially any remaining unwarranted disparities by giving the right to appeal a sentence outside the guidelines *and by providing a mechanism to assure that sentences inside the guidelines are based on correct application of the guidelines.*"  S. Report 86 (emphasis added).

The majority of the Justices asserts that, because one of three reasons for the upward departure imposed here by the District Court was invalid, an "incorrect application of the

---

[9] The legislative history behind the nature, role, and purpose of the district court's statement pursuant to 18 U. S. C. § 3553(c) of its reasons for imposing a particular sentence is similarly instructive:

"The statement of reasons for a sentence outside the guidelines is especially important.  Under proposed 18 U. S. C. 3742, a defendant may appeal a sentence above the applicable guidelines, and the government may appeal a sentence below the guidelines.  *If the appellate court finds that a sentence outside the guidelines is unreasonable, the case may be remanded to the trial court for resentencing . . . .  The statement of reasons will play an important role in evaluation of the reasonableness of the sentence.*  In fact, if the sentencing judge fails to give specific reasons for a sentence outside the guidelines, the appellate court would be justified in returning the case to the sentencing judge for such a statement.

"*Sentences within the guidelines are subject to appeal under proposed 18 U. S. C. 3742 on grounds of illegality or an incorrect application of the guidelines.*  As with sentences outside the guidelines, the statement of reasons may play a role in the appellate court's decision on the legality of sentences.  The statement of reasons in cases claiming incorrect application of the guidelines will probably play only a minor role in the appellate process because the sentencing court will be deciding factual issues concerning offense and offender characteristics which might not be discussed in the statement of reasons."  S. Report 80 (emphasis added).

[10] "Review of a sentence.  The review of a sentence imposed pursuant to section 3551 is governed by the provisions of section 3742."  § 3557.

sentencing guidelines" within the meaning of § 3742(e)(2) took place in this case.[11]   As I have explained, however, this phrase refers only to the process by which the district court determines the applicable range of sentences when applying the "guidelines," as defined by 28 U. S. C. § 998(c).   The majority does not—and indeed *can* not—identify or claim that any error in determining the guideline range under the Guidelines is involved in this case.   Instead, the majority does no more than declare that invalidly finding an aggravat-

---

[11] This confusion apparently stems from both parties' citation of *United States* v. *Hernandez-Vasquez,* 884 F. 2d 1314 (CA9 1989) *(per curiam),* and *United States* v. *Zamarripa,* 905 F. 2d 337 (CA10 1990), in support of the proposition that, when one or more of the stated grounds for departure is invalid, the case must be remanded for resentencing.   Be that as it may, neither case has concluded that the sentence should be treated as "an incorrect application of the sentencing guidelines," within the meaning of § 3742(f)(1), when reviewing district court departures that rely on both proper and improper grounds.   Not only do neither of these cases so hold, but neither case in any way purports to explain, much less cite, § 3742. Instead, both cases simply rely on *United States* v. *Nuno-Para,* 877 F. 2d 1409, 1412–1414 (CA9 1989), for the above proposition.   Also in reliance on *Nuno-Para, Zamarripa* added that the appellate court "cannot determine whether the same departure would have resulted absent the improper factor."   905 F. 2d, at 342.   But *Nuno-Para* itself fails to cite, discuss, or explain § 3742.   The Ninth Circuit there simply concluded that "we must hold that the district court's departure was *unreasonable* because it improperly relied on factors already considered by the guidelines."   877 F. 2d, at 1414 (emphasis added).   While such a construction of the review for "reasonableness" is too limited, see *infra,* at 217–220, any such consideration on appeal is clearly taken under § 3742(f)(2).   Moreover, a close study of the appellate review outlined by the Tenth Circuit in *Zamarripa* reveals that it in fact generally conforms to the approach outlined by my opinion here.   See 905 F. 2d, at 339–340; see also *United States* v. *White,* 893 F. 2d 276, 277–278 (CA10 1990); *United States* v. *Diaz-Villafane,* 874 F. 2d 43, 49 (CA1), cert. denied, 493 U. S. 862 (1989).

Consequently, no case has been brought to our attention that has considered reliance upon both proper and improper grounds for departure to be "an incorrect application of the sentencing guidelines" within the meaning of § 3742(f)(1).   That the parties attempt to concede this point should not prevent our own scrupulous reading of these statutes, lest we disturb Congress' intent, which I find to be clearly expressed.

ing circumstance not adequately taken into account by the Sentencing Commission is an "'incorrect application' of the Guidelines," while referring only to two policy statements contained in the Guidelines Manual, see USSG §§ 1A4(b), p. s., and 5K2.0, p. s., which, the majority says, do no more than echo the statute.[12] *Ante*, at 200. Since the policy statements referred to by the majority merely refer to the statute, the majority's confusion about the distinction between Guidelines and policy statements is without import. But the majority concludes that the "Guidelines"—and we have here at issue only a policy statement, USSG § 4A1.3, p. s.—qualify the propriety of basing a departure on arrest records, and that the District Court erred in relying on arrest records without further explanation. To the extent that the majority equates the District Court's misinterpretation of this policy statement with a misapplication of the Guidelines that must be dealt with under § 3742(f)(1), it does so erroneously. Such error by the District Court signifies *only* an invalid grounds for departure, nothing more. While the majority concludes that such a policy statement "prohibits a district court from taking a specified action" and thereby "is an authoritative guide to the meaning of the applicable Guideline," *ante*, at 201, it remains a fact that this statute does not permit appellate review for the mere misinterpretation of a policy statement, see *supra*, at 212–213.

Significantly, subsections (a) and (b) of § 3742 do not authorize appeal of a sentence imposed within the guideline range correctly determined under the Sentencing Guidelines. And if any alleged error is found to be without basis, the appellate court "shall affirm the sentence." 18 U. S. C.

---

[12] I point the majority to the language of one of the policy statements it cites: USSG § 1A.4(b), p. s. When discussing guided departures of the type referred to in § 4A1.3, p. s., the Sentencing Commission states that it "intends such suggestions as policy guidance for the courts. The Commission expects that most departures will reflect the suggestions *and that the courts of appeals may prove more likely to find departures 'unreasonable' where they fall outside suggested levels*" (emphasis added).

§ 3742(f)(3). Thus, appellate review under § 3742(f)(1) has a much more focused inquiry than that given it by the majority. A sentence is imposed "as a result of" an incorrect application of the Sentencing Guidelines when the error results in a mistaken guideline range. When such an error is identified, remand is required.[13] To obtain relief under subsection (f)(1) insofar as it relates to a misapplication of the Guidelines, the appellant must demonstrate that an error has occurred that affects the applicable guideline range.[14]

---

[13] Contrary to the majority's conclusion, *ante*, at 202–203, appellate review of departure sentences under § 3742 does not accommodate "harmless-error" review. Subsections (f)(1) and (f)(2) both explicitly direct that, if appellate review discloses an error listed in subsection (e), the court "shall" remand for resentencing. As originally enacted, 18 U. S. C. § 3742 would have authorized an appellate court to "correct the sentence" determined to have been imposed in violation of law or as a result of an incorrect application of the sentencing guidelines. Pub. L. 98–473, § 213(a), 98 Stat. 2012. However, "[a]fter consideration, Congress determined that it was more appropriate for an appellate court to remand a case for further sentencing proceedings in all instances in which the district court decision was reversed, thereby leaving imposition of the final sentence to the district court." Wilkins, 46 Wash. & Lee L. Rev., at 433; see Pub. L. 99–646, § 73, 100 Stat. 3617. Deeming an error "harmless" does not conform with the appellate court's mandate. See *United States* v. *Stephenson*, 887 F. 2d 57, 62 (CA5 1989), cert. denied *sub nom. Goff* v. *United States*, 493 U. S. 1086 (1990).

[14] The unfortunate result of the majority's contrary conclusion, based as it is on an unnatural reading of this statute, is that appellate review becomes a quite complicated exercise, one which will apparently involve shifting "burdens" in the search for the subjective intent of the district court to determine whether "the sentence would have been different but for the district court's error." *Ante*, at 203. The baldness of this assertion is matched only by the total lack of guidance the majority provides to control this inquiry, apart from its opaque instruction that the appellate courts somehow "must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Ibid.* This will likely provide the fodder for later confusion and conflict among the circuits, which I believe we could here avoid by a straightforward reading of this statute.

Looking to this case, there is no question but that the District Court correctly applied the relevant Guidelines to derive the properly applicable guideline range. The "Guideline" Williams places at issue, USSG § 4A1.3, p. s., is specifically designated as a policy statement, dealing only with considerations of whether the criminal history category calculated under the Guidelines was so inadequate as to warrant a departure. This provision is solely to guide a district court's discretion should it find departure from the Guidelines appropriate. Because the District Court's error here in construing this policy statement could in no way affect the applicable guideline range, Williams is not entitled to relief pursuant to subsections 3742(e)(2) and (f)(1).

Accordingly, the only available appellate consideration here is whether Williams' sentence "is outside the applicable guideline range and is unreasonable." 18 U. S. C. § 3742(f)(2). This inquiry is guided solely by § 3742(e)(3), which states in full:

"(e) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

.          .          .          .          .

"(3) is outside the applicable guideline range, and is unreasonable, having regard for—
     "(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and
     "(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c) . . . ."

Subsection (e)(3)(A) in fact refers to § 3553(a), designating "factors to be considered in imposing a sentence."[15] It should be noted as well that the reasons to be assessed pur-

---

[15] Briefly recited, these factors include, *inter alia*, the seriousness of the offense, deterrence, public protection, the applicable guideline range, pertinent policy statements, and avoidance of unwarranted sentencing disparities. 18 U. S. C. § 3553(a).

suant to subsection (e)(3)(B) arise directly from findings by the district court that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described [in the applicable guideline range]." § 3553(b); see also nn. 3 and 9, *supra.*

Where all the reasons enunciated by the district court to support departure are found to be invalid, the departure is *per se* unreasonable, as nothing supports it, and the appellate court must set aside the sentence and remand the case, after stating specific reasons for its conclusion. 18 U. S. C. § 3742(f)(2). See n. 13, *supra.* The reasonableness inquiry is more involved when only one of several reasons supporting departure are found to be invalid. Not every circumstance left unconsidered by the Sentencing Commission warrants departure. Indeed, § 3553(b) requires a finding that the identified circumstances "should result" in a sentence outside the applicable guideline range.[16] By law the Guidelines generally provide a variance between the high and low ends of the range by the greater of six months or 25%. 28 U. S. C. § 994(b)(2). This provides both flexibility within the range as well as a check on disparity. Whether a departure then "should result" depends on the factors listed in § 3553(a) for consideration when imposing the sentence in the first instance. These same factors control the inquiry into the pro-

---

[16] The legislative history indicates that this language was intended to emphasize that not every unaccounted-for circumstance is a basis for departure: "The provision recognizes . . . that even though the judge finds an aggravating or mitigating circumstance in the case that was not adequately considered in the formulation of guidelines, the judge might conclude that the circumstance does not justify a sentence outside the guidelines. Instead, he might conclude that a sentence at the upper end of the range in the guidelines for an aggravating circumstance, or at the lower end of the range for a mitigating circumstance, was more appropriate or that the circumstance should not affect the sentence at all." S. Report 79. See also Wilkins, *supra,* at 439, and n. 52.

priety of the nature and extent of any departure made. In light of the surviving reasons enunciated by the district court, the appellate court must determine for itself the "reasonableness" of the departure under the factors to be considered when imposing sentence.[17] Subsection (a)(6)— "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"—takes on added significance in judging the reasonableness of the extent of departure. Congress intended appellate review under the new sentencing regime to guide and control the discretion long reposed in the district courts towards the ultimate goal of sentencing reform: to promote fairness and rationality, and to reduce unwarranted disparity, in sentencing. S. Report 78, 150, 161; see also 28 U. S. C. § 991(b)(1). The provisions of 18 U. S. C. § 3742 establish the limited practice of appellate review which Congress deemed "essential to assure that the guidelines are ap-

---

[17] The majority obliquely references *Solem* v. *Helm*, 463 U. S. 277, 290, n. 16 (1983), and its broad statement that an appellate court should not substitute its judgment for that of the sentencing court. *Ante*, at 204–205. Indeed, prior to the Sentencing Reform Act, appellate courts were generally bound by the simple principle that sentences imposed by district courts within legal limits should not be disturbed. *Dorszynski* v. *United States*, 418 U. S. 424, 431 (1974); *Gore* v. *United States*, 357 U. S. 386, 393 (1958). See S. Report 150. But that unquestioned deference evolved from the near-absolute discretion vested in the district courts prior to sentencing reform. *Ibid.* That discretion is now checked, however, and appellate courts are presented a statement of reasons explaining its exercise. In the situation we face here, a district court has made clear its conclusion that the applicable guideline range is inadequate. It is not a substitution of judgment for the appellate court to determine whether the district court's judgment remains valid. And in any event, this review of "reasonableness" is precisely what Congress intends the appellate courts to do. To the extent our decisions previously reigned in the scope of appellate review, they must be loosened to conform to this new mandate. Indeed, in its quotation of the *Solem* passage, the majority omits language showing it to be the general rule *only* "[a]bsent specific authority" favoring wider review. 463 U. S., at 290, n. 16.

plied properly and to provide case law development of the appropriate reasons for sentencing outside the guidelines." S. Report 151. Because the district court must state its reasons when departing, § 3553(c)(2), and because the appellate court must "state specific reasons" for concluding a departure sentence is unreasonable, § 3742(f)(2), case law development will proceed apace, creating a ready benchmark by which to determine whether the current offender has been dealt a sentence disparate from similar criminals found guilty of similar crimes.[18] In sum, "while the reasonableness standard will be interpreted and defined by subsequent case law, the incorporation into this standard of the section 3553(b) departure test and the section 3553(a) sentencing factors provides specific content that will permit a broader judicial inquiry than otherwise would be warranted by a bare reasonableness standard alone." Wilkins, Sentencing Reform and Appellate Review, 46 Wash. & Lee L. Rev. 429, 444 (1989) (footnote omitted).

In this case, the Seventh Circuit concluded that it was error for the District Court to consider prior arrests not resulting in conviction because no reliable evidence of the conduct described in the arrest entries indicated a more severe criminal history than the one provided by the Guidelines. 910 F. 2d 1574, 1580 (1990); see USSG § 4A1.3, p. s. The Court of Appeals correctly ruled, however, that "a sentence nevertheless may be upheld if there are proper factors that, standing alone, would justify the departure." 910 F. 2d, at 1580 (citing *United States* v. *Franklin*, 902 F. 2d 501, 508–509

---

[18] The statements of reasons and development of case law will also permit the Sentencing Commission to "adequately consider" those factors leading to departures, ultimately resulting in less need for departures overall. See S. Report 151; USSG § 1A4(b), p. s. ("By monitoring when courts depart from the guidelines and by analyzing their stated reasons for doing so and court decisions with references thereto, the Commission, over time, will be able to refine the guidelines to specify more precisely when departures should and should not be permitted").

(CA7 1990)). The Court of Appeals noted that the District Court had also properly relied upon convictions more than 15 years old, as well as the fact that the petitioner had previously been convicted of the same crime—felon in possession of a firearm.[19] 910 F. 2d, at 1580; see USSG § 4A1.3, p. s.; *United States* v. *Schmude*, 901 F. 2d 555, 559 (CA7 1990). The court found both reasons to support a finding that the criminal history category did not adequately reflect the severity of petitioner's criminal past, and that his propensity for violence was laid bare in this case by his threats to the lives of the DEA agents and their families. 910 F. 2d, at 1580. In conclusion, the Court of Appeals considered the 3-month departure imposed by the District Court, and stated that "despite the error noted, the court correctly determined that Mr. Williams' criminality was not reflected properly in the criminal history category and that the relevant evidence justified the rather modest increase in sentence." *Ibid.*

This appellate assessment of the validity of the sentence imposed is sufficient. As previously stated by the Seventh Circuit in *Franklin*, it is not for the court on appeal "to probe the mind of the sentencing judge and try to determine what portions of the departure he or she assigned to the different grounds for departure." 902 F. 2d, at 508. Instead, the appellate court must assess for itself whether valid reasons stated by the district court justify the magnitude of departure. *Id.*, at 509. This the Seventh Circuit did without error, and I would affirm its judgment.

Accordingly, I respectfully dissent.

---

[19] The majority suggests this latter factor only played a role in "selecting a sentence at the high end of the guideline range" to which the District Court was departing. See *ante*, at 197; App. 54–55. What must be kept in mind, however, is that this was a departure sentence and, as recognized by the Seventh Circuit here, the reasons articulated to justify a particular sentence beyond the otherwise applicable guideline range are those supporting departure, as in this case, *e. g.*, where "the criminal history category is inadequate." 910 F. 2d, at 1580.