IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20614
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS TORRES-SORIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-847-ALL
--------------------
February 11, 2003

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Luis Torres-Soria ("Torres") appealed his sentence for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Torres

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argued that a prior misdemeanor offense that resulted in a sentence of probation should not have been included in his criminal history score, because he did not knowingly and voluntarily waive his right to counsel in that case.  This court affirmed.  See United States v. Torres-Soria, No. 01-20614 (5th Cir. Apr. 10, 2002) (unpublished).

Torres then petitioned for a writ of certiorari, and in Torres-Soria v. United States, 123 S. Ct. 658 (2002), the Court granted Torres's petition, vacated the judgment, and remanded to this court for further consideration in light of Alabama v. Shelton, 535 U.S. 654 (2002).

We need not decide whether Torres's sentence of probation was valid under Shelton, because even if the district court did err in the calculation of his criminal history score, the error was harmless.  See Williams v. United States, 503 U.S. 193, 202-03 (1992) (misapplication of guidelines harmless if it did not affect the sentence imposed).  Granting the objection would have resulted in a lower range of 10 to 16 months' imprisonment, but at sentencing, the court stated that it would have imposed the same sentence even if it had granted Torres's objections.

AFFIRMED.