United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-21185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO PEREZ-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-242-1
--------------------

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Arturo Perez-Martinez (Perez) appeals the 105-month sentence imposed following his plea of guilty to a charge of having been present in the United States after deportation, a violation of 8 U.S.C. § 1326. We AFFIRM.

Perez contends that the district court reversibly erred in sentencing him under the guidelines, by departing upward one offense level pursuant to U.S.S.G. § 4A1.3. There was no abuse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the district court's wide discretion, however, because the court gave acceptable reasons for departing and the extent of the departure is reasonable. See United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997). Furthermore, it is clear that Perez's sentence would have been no different if the district court had disregarded his minor stale convictions. See Williams v. United States, 503 U.S. 193, 204 (1992).

Perez also contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment and proved to a jury beyond a reasonable doubt. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Perez's contention lacks merit because Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.