**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4861

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT HILL, a/k/a Benny,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, District
Judge.   (CR-03-59)

Submitted:  October 21, 2005          Decided:  January 11, 2006

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Dinkin, DINKIN, PURNELL & JOHNSON, PLLC, Richmond,
Virginia, for Appellant.  Paul J. McNulty, United States Attorney,
Vincent L. Gambale, Sara E. Flannery, Assistant United States
Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Robert Hill was found guilty of a crack cocaine conspiracy and three substantive drug distribution counts. He was sentenced to 480 months imprisonment. He appeals his convictions and sentence. We affirm both his convictions and his sentence.

First, Hill contends that the evidence was insufficient to support a finding that he entered into an agreement with others to distribute crack cocaine. He claims the evidence merely showed buyer-seller relationships. When reviewing a sufficiency-of-the-evidence claim, the verdict will be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In resolving issues of substantial evidence, we do not weigh evidence or review witness credibility. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

To prove conspiracy under 21 U.S.C. § 846 (2000), the government must prove an agreement to violate a federal drug law, the defendant's knowledge of the conspiracy, and the defendant's willing participation. United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). The knowledge and participation elements of conspiracy may be shown by circumstantial evidence. See id. at 385. We find more than enough evidence to establish a conspiracy to sell crack cocaine. The evidence showed that Hill regularly

distributed crack cocaine over a period of years; that he was the regular source of supply for several drug dealers; that he regularly paid for services with crack cocaine; and that several of Hill's customers worked together to sell crack cocaine. While Hill submits that his relationship with his customers was that of a seller and buyer, the jury could infer from the ongoing nature of the sales, and the amount of crack cocaine involved, that a conspiracy existed. See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) ("[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators.").

Next, Hill challenges the district court's denial of his motions for mistrial based upon a witness's reference to Hill's prior incarceration and the Government's improper statement that Hill was a fugitive. The decision of whether to grant a motion for a mistrial is left to the broad discretion of the trial court. United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997) (stating that "denial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances"). We have held that, in order to show an abuse of discretion, a defendant must show prejudice, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions. United States v. West, 877 F.2d 281, 288

- 3 -

(4th Cir. 1989).  Reversal is required only if there is a clear abuse of discretion and a "reasonable possibility that the jury's verdict was influenced by the material that improperly came before it."  United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992).

Hill has failed to meet the demanding burden of showing that the district court clearly abused its discretion in denying his motions for mistrial.  The court gave appropriate curative instructions, and the heavy weight of the evidence showed that Hill was guilty of crack cocaine distribution offenses.  As such, we find that he has failed to show any prejudice from the isolated statements.

Next, Hill apparently argues that his sentence violated United States v. Booker, 125 S. Ct. 738 (2005).[1]  In Booker, the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that those guidelines violated the Sixth Amendment because they required courts to impose sentencing enhancements based on facts not found by a jury or admitted by the defendant.  125 S. Ct. at 746, 750. Because the record reflects that Hill properly preserved this claim below, we review it for harmless error.  United States v. Mackins,

---

[1]Hill does not explicitly allege a Booker violation.  He does, however, assert flaws in the manner in which the district court stated, pursuant to our decision in United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004), an alternative sentence under a hypothetical advisory guidelines scheme.  We therefore assume arguendo that Hill has challenged his sentence under Booker.

- 4 -

315 F.3d 399, 405 (4th Cir. 2003). An error is harmless if it "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

At Hill's sentencing, the district court treated the guidelines as mandatory and imposed a sentence that exceeded the statutory maximum authorized by the jury's findings, both of which constitute Booker error.[2] However, following our guidance in United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004), the district court stated that its sentence would not change if the guidelines were merely advisory. Because it did not impact the district court's selection of Hill's sentence, we find that the Booker error was harmless.

Lastly, Hill claims that review of his sentence is not possible because the district court did not explain its reasons for choosing the identical alternative sentence that it announced pursuant to Hammoud. Hill apparently assumes that after Booker the district court's alternative sentence became his new sentence. That is not the case. As we explained above, we choose not to vacate the original sentence because the alternative sentence announced under Hammoud rendered harmless the Booker error that we noted. Furthermore, the district court stated in open court that

---

[2]As we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Hill's] sentencing."

- 5 -

Hill's sentence "serves the interest of justice and the ends of the guidelines."  Because the district court complied with Section 3553(c), we need not decide here the post-Booker import of a district court's failure to state in open court the reasons for imposing sentence.  Finally, Hill's argument suggests that this Court should use the district court's reasons for imposing sentence to review the sentence's reasonableness.  We are, however, unable to do so because, except for the harmless Booker error that he may have asserted, Hill has not claimed any specific defects in his sentence.

For the foregoing reasons, we affirm Hill's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED