**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4854**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TORRENCE RONZAY JONES, a/k/a Tee,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  James C. Dever III,
District Judge.  (4:07-cr-00029-D-1)

Submitted:  June 3, 2009                   Decided:  July 2, 2009

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Anne M. Hayes,
Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrence Ronzay Jones appeals his conviction on a guilty plea and sentence on one count of conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (2006) (Count One), and possession with intent to distribute cocaine, more than 5 grams of cocaine base, and marijuana, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) (2006), 18 U.S.C. § 2 (2006) (Count Five). At the sentencing hearing, the district court determined that Jones' advisory guidelines range was 92 to 115 months' imprisonment. The district court granted the Government's motion for upward departure, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2007), on the bases that Jones' criminal history category under-represented the seriousness of his criminal history and the likelihood that he would commit future crimes, and the Government's motion for downward departure, pursuant to USSG 5K1.1. The court departed upward two criminal history categories, from category IV to VI, resulting in an imprisonment range of 120 to 150 months, and then departed downward, in consideration of Jones' substantial assistance. Following thorough consideration of the applicable 18 U.S.C. § 3553(a) (2006) factors, the arguments of counsel, Jones' statement, the information in the pre-sentence investigation

report, and the applicable statutory and constitutional factors,[1] the district court imposed concurrent 132-month terms of imprisonment and concurrent three-year and five-year terms of supervised release. Jones appeals from the district court's upward departure,[2] claiming that the departure constituted a clear abuse of discretion.[3] We affirm.

Jones asserts that the district court abused its discretion in sentencing him, claiming the court fashioned a sentence to correct a Government charging error. Specifically, he claims the Government's failure to specify the time frame for the conspiracy resulted in its inability to have Jones sentenced as a career offender, and that the basis for the Government's motion for upward departure was to remedy its charging decision. Jones asserts that a lesser sentence of 92 months would have been sufficient to meet the desired goals of § 3553. Finally,

---

[1] In addition to stating in open court the reasons for the sentence imposed, the district court issued a written order reiterating its sentencing rationale. Both the district court's statements at sentencing, and its written order, demonstrate that it made particularized and individual findings relating to Jones, which reasons supported its chosen sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009); Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

[2] The net upward departure, from the originally calculated range of 92 to 115 months, was 17 months above the guidelines range.

[3] As Jones reserved the right to appeal from a sentence in excess of the applicable advisory guidelines range, there is no issue of waiver in this case.

3

he contends that the district court's use of criminal history outside the presumed period of the conspiracy in determining his advisory guideline range, coupled with its upward departure based on the same convictions, resulted in inappropriate "double-counting."[4]

We review departure sentences, "whether inside, just outside, or significantly outside the Guidelines range" under a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). An upward departure from the applicable guidelines sentencing range is warranted when a defendant's criminal history category is inadequate to reflect either the seriousness of the defendant's criminal history or the likelihood of recidivism. USSG § 4A1.3(a)(1), p.s. A district court "may reject a sentence within the advisory Guidelines range because 'the case at hand falls outside the "heartland"' to which the individual Guidelines apply or because a sentence within the Guidelines fails to reflect the other § 3553(a) factors or 'because the

---

[4] Jones concedes that the district court properly calculated the guidelines range, considered the arguments of counsel, and duly addressed the § 3553(a) sentencing factors. He further concedes that the district court had the authority to impose a sentence outside the guidelines range, and that it articulated reasons for its departure.

case warrants a different sentence regardless.'" Evans, 526 F.3d at 161 (quoting Rita, 127 S. Ct. at 2465). The district court is obligated to state in open court the particular reasons supporting its chosen sentence, 18 U.S.C. § 3553(c) (2006), and to "make an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597.

We find no error in Jones' sentence. The district court detailed its reasons for the two-level upward departure and those reasons meet statutory and constitutional muster.[5] The district court's conclusion that a criminal history category of IV was inadequate to account for the seriousness of Jones' criminal history and the likelihood that he would commit future crimes was appropriate under the circumstances of this case and proper under the law.

Moreover, Jones' arguments that the § 3553(a) sentencing factors could have been "more fully and fairly addressed" by the district court because his drug quantities were not overwhelming, and that a 92-month sentence would have adequately satisfied the § 3553(a) factors, merely evince a disagreement with the district court's conclusion, and fail to

---

[5] The district court never mentioned the Government's charging decision as a reason for granting the upward departure, and Jones' argument that the court upwardly departed to cure the Government's dissatisfaction with its own charging decision is not supported by the record.

5

establish an abuse of discretion by the district court. A defendant's disagreement with the sentence imposed does not constitute reversible error. Evans, 526 F.3d at 162.

Finally, we reject Jones' claim that the district court erred in "double-counting" his prior convictions. Review of the record reveals that the district court was fully aware of the prohibition against "double-counting." The district court's departure decision was based wholly on its analysis of the adequacy of Jones' criminal history category and its determination that a criminal history category of IV failed to adequately reflect either the seriousness of Jones' prior criminal actions or his significant likelihood of future recidivism. Moreover, even if the district court had erred in calculating the departure, in the absence of the upward departure, Jones' 132-month sentence would have been proper as a variance sentence. See Williams v. United States, 503 U.S. 193, 204 (1992); Evans, 526 F.3d at 165 ("When . . . a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales.").

Accordingly, we affirm Jones' conviction and sentence. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED