**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2012


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10436 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00131-LRH-VPC-1 |
| v. | |
| ULRICK LUIS RODRIGUEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted June 15, 2012
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

   Appellant Ulrick Luis Rodriguez challenges the district court's imposition of

sentence. He asserts a violation of Rule 32 of the Federal Rules of Criminal

Procedure.

---

   *   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court. We review the district court's compliance with Rule 32 *de novo*. *See United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir. 2007).

The district court complied with Federal Rule of Criminal Procedure 32 when it determined that it would not decide the dispute over Rodriguez's immigration status and would not consider Rodriguez's immigration status when sentencing him. *See* Fed. R. Crim. P. 32(i)(3)(B), (C); *see also Saeteurn*, 504 F.3d at 1181. The district court discussed at length the reasons for the sentence imposed, including its concern with Rodriguez's criminal history and the dangerousness of his current offense, without referencing Rodriguez's immigration status. Although the district court later adopted two paragraphs from the presentence report stating that Rodriguez was in the United States illegally, the record reflects that Rodriguez's immigration status did not "affect the temporal term of the sentence the district court impose[d]. . . ." *Saeteurn*, 504 F.3d at 1181. Moreover, because the district court gave ample reasons to support the sentence imposed, even indicating that an upward variance would be appropriate were the Guideline ramge lower, any error by the district court was harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992).

**AFFIRMED.**

2