985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Scott Lyle PODERGOIS, Defendant-Appellant
 No. 92-50250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 27, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-0835-B; Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 VACATED AND REMANDED.
 
 
 1
 Before CANBY and ALAN E. NORRIS, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 2
 Podergois appeals the imposition, under the Sentencing Guidelines, of a thirty month sentence for transporting an illegal alien. We vacate and remand for resentencing.
 
 
 3
 On September 5, 1991, the defendant approached the primary inspection lane at the San Clemente checkpoint driving a pickup truck. The Border Patrol agent on duty noticed a blue blanket behind the seat of the truck and therefore asked the defendant to proceed to the secondary inspection lane. Rather than stop at the secondary inspection lane, Podergois accelerated out of the lane and onto the freeway. A high speed chase began.
 
 
 4
 The chase covered eight miles on Interstate 5 and through a business and residential district. On Interstate 5 the speeds approached 120 miles per hour. The defendant stopped his truck and was apprehended. When the female undocumented alien was removed from the truck she appeared shaken.
 
 
 5
 On January 9, 1992 the defendant entered a guilty plea to a one count indictment charging him with a violation of 8 U.S.C. § 1324(a)(1)(B). On March 30, 1992 a sentencing hearing was held and the defendant was sentenced to 30 months in custody and three years supervised release. The sentence reflected a six-month departure from the applicable guideline range.
 
 
 6
 We review the district court's decision to depart from the Sentencing Guidelines under a three-step process. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). First, we determine whether the district court had the legal authority to depart. Id. Second, we review the factual findings supporting the departure for clear error. Id. And, third, we determine whether the amount of the departure was "reasonable" within the meaning of the Sentencing Reform Act and the Guidelines. Id. at 747.
 
 
 7
 The Presentence Report (PSR) calculated a base offense level of 9 and a criminal history of IV. The PSR recommended a two-level increase because the defendant had been previously convicted of Aiding and Abetting Illegal Entry. The PSR also recommended a two-level increase for reckless endangerment during flight. The PSR further recommended that the defendant be given credit for acceptance of responsibility, thereby reducing the total offense level by two. A total offense level of 11 with a criminal history category of IV results in a guideline range of 18-24 months. The district court accepted these recommendations in the PSR, but made an additional upward departure.
 
 
 8
 The district court had the legal authority to depart. One of the grounds used by the district court to depart was Application Note 8 to § 2L1.1. This application note allows for an upward departure for those offenses which involve "dangerous or inhumane treatment." Podergois argues that the danger associated with his flight is exclusively covered by § 3C1.2 and, therefore, it was error to use his flight as a basis for departure under § 2L1.1. This position has been recently rejected by this court in United States v. Hernandez-Rodriguez, No. 91-50572, slip. op. 11175, 11182 (9th Cir. Sept. 15, 1992).
 
 
 9
 The court, however, also relied upon an invalid ground to depart from the Guideline range. The PSR recommended that a departure was warranted under 3C1.2 Application Note 2 in that the defendant possessed a "higher degree of culpability" than mere recklessness. There is nothing in this record to indicate that the defendant was anything but reckless. See id. at 11183.
 
 
 10
 In Williams v. United States, --- U.S. ----, 112 S.Ct. 1112, (1992) the Supreme Court has set forth a procedure for reviewing sentences that have been imposed using an incorrect application of the Guidelines. Initially, the appellate court should ask "was the sentence imposed either in violation of law or as a result of an incorrect application of the Guidelines?" Id. at 1120. If the answer here is yes, then the inquiry ends and the case remanded. If the answer is no, then the appellate court should further ask "is the resulting sentence an unreasonably high or low departure from the relevant guideline range?" Id. If the answer here is yes, then the case shall be remanded.
 
 
 11
 The use of an invalid factor to depart is an incorrect application of the Guidelines. Id. at 1119. However, not every use of an invalid ground for departure shall result in a remand. A remand is required only when the sentence is " 'imposed as a result of an incorrect application' of the Guidelines." Id. at 1120 (emphasis in original). In order to determine whether or not the sentence was imposed as a result of an incorrect application of the Guidelines, this court "must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." Id. The test is harmless error. Id. at 1121.
 
 
 12
 Based upon a review of the record, this court cannot conclude that the district court's reliance on an invalid ground for departure did not affect the sentence imposed and was, therefore, harmless. We vacate and remand for resentencing.
 
 
 13
 VACATED, and REMANDED for RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3