986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Diane L. LOVE, Appellant.
 No. 92-2808EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: January 27, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and REAVLEY,* Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Diane L. Love appeals the ten-month sentence imposed by the District Court[1] following her guilty plea to Social Security fraud in violation of 42 U.S.C. § 408(c). We affirm.
 
 
 2
 Love pleaded guilty to making a false statement of material fact on a continuation-of-benefits form for herself and her daughter, Shirley Love, in violation of 42 U.S.C. § 408(c). Love's daughter married Raymond F. Norton on January 29, 1990. On October 9, 1990, Love went to the Social Security office in Searcy, Arkansas, and signed a statement in which she asserted that her daughter had lived with her for the prior twelve months and had not been married. Love telephoned the office on October 30 to find out why she had not received her monthly check. She was informed that neither she nor her daughter was eligible for benefits because of her daughter's marriage. Love denied that her daughter had gotten married. Between January 1990 and April 1992, Love obtained overpayments for herself and her daughter of $25,883.
 
 
 3
 The District Court held that Love's total offense level was eleven, yielding a sentencing range of eight to fourteen months. The Court imposed a sentence of ten months.
 
 
 4
 On appeal, defendant argues that the District Court erred in two respects: first, in adding four levels under U.S.S.G. § 2F1.1(b)(1)(E) on the ground that the loss exceeded $20,000, and second, in adding one level on the ground that the offense was committed as part of a pattern of criminal conduct engaged in as a livelihood. See U.S.S.G. § 4B1.3. Both of these enhancements were wrong, appellant argues. If she prevailed on both points, the offense level would be reduced to nine, and the sentencing range would be four to ten months.
 
 
 5
 The ten-month sentence imposed would still be within this range. At the sentencing hearing, the District Court stated on the record that reducing the offense level to nine would not make any appreciable difference. Consequently, any error which might have occurred in calculating the amount of the loss or in applying the criminal-livelihood guideline would be harmless. See Williams v. United States, 112 S. Ct. 1112, 1120-21 (1992) (applying harmless-error analysis to upward departure based on both valid and invalid grounds); United States v. Gordon, 974 F.2d 97, 101 (8th Cir. 1992) (remanding for resentencing because record did not indicate that the same sentence would have been imposed absent the error found on appeal).
 
 
 6
 Affirmed.
 
 
 
 *
 The Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas