**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4815

CHARLES LEE BREWER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-95-10)

Submitted: June 30, 1999

Decided: September 14, 1999

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott A. Curnutte, Elkins, West Virginia, for Appellant. David E.
Godwin, United States Attorney, Paul T. Camilletti, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Lee Brewer appeals the sentence imposed as a result of his guilty plea and conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Brewer challenges the district court's calculation of his Criminal History Category, see U.S.S.G. § 4A1.1, and the court's refusal to grant a two-point downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1. Finding no merit to either of his assignments of error on appeal, we affirm Brewer's conviction and sentence.

Brewer suggests that the district court erred by including two prior state sentences that were under appeal at the time of Brewer's sentencing in this case. The Sentencing Guidelines provide that "[p]rior sentences under appeal are counted except as expressly provided" in the Commentary. U.S.S.G. § 4A1.2(l). The district court followed the express provisions of the Guidelines in reaching Brewer's Criminal History Category. Consequently, we find that there was no error which would require this court to remand the case for resentencing. See Williams v. United States, 503 U.S. 193, 203 (1992). Neither did the district court clearly err in declining to grant the downward adjustment. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995); U.S.S.G. § 3E1.1, comment. (n.5). The court appropriately considered the timing of Brewer's decision to plead guilty and his lack of candor in reporting his assets to the probation officer. See U.S.S.G. § 3E1.1, comment. (n.1(h)); United States v. Falesbork, 5 F.3d 715, 721-22 (4th Cir. 1993).

Accordingly, we affirm Brewer's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED