IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20799
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YEMI ODELAKON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-450-2
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Yemi Odelakon appeals from his sentence for conspiracy to commit bank fraud and possession of counterfeit securities. He contends that the district court erred by failing to make findings regarding the attribution of losses to him, even failing to adopt the Presentence Report (PSR). He alleges that he presented rebuttal evidence in the form of an FBI agent's testimony at a probable cause and detention hearing; that he himself denied at rearraignment that he had met a fellow participant in the conspiracy or given him any checks; and that the district court had ruled, in a suppression ruling, that a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

coconspirator's activities that had resulted in a state-court prosecution were unrelated to the federal case, yet the amounts attributed to the coconspirator in that case were attributed to him anyway.

The district court implicitly adopted the PSR by rejecting Odelakon's objections to it and by using the sentencing range indicated in the report. *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992). Any testimony regarding the offenses with which Odelakon was charged was not binding as to the actual amount attributed at sentencing. *See* U.S.S.G. § 1B1.3(a)(1)(B). The allegation in the PSR regarding Odelakon's involvement with the other participant was based on an a law-enforcement interview of that participant. Odelakon did not refer to his testimony at rearraignment, nor did he put on rebuttal evidence. The district court was free to adopt the PSR without further inquiry regarding Odelakon's involvement with that participant. *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994). Finally, were the amount attributed to the state-court case eliminated from consideration, the amount attributed to Odelakon would remain greater than $800,000, the relevant amount for guideline sentencing purposes. U.S.S.G. § 2F1.1(b)(1)(L). Odelakon was sentenced to 46 months' imprisonment, the bottom of the applicable sentencing range. U.S.S.G. § 5A, Sentencing Table. Any error in considering the amount relevant to the state-court case (and we do not assume that any error occurred) was harmless. *Williams v. United States*, 503 U.S. 193, 203 (1992).

AFFIRMED.