[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

No. 04-15049
Non-Argument Calendar

_____

D.C. Docket No. 03-00073-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

BYRON BRYAN,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(June 10, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

The government appeals Byron Bryan's 121-month sentence for conspiracy

to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine

base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Sentencing took place before the Supreme Court announced United States v. Booker, 543 U.S.___, 125 S. Ct. 738 (2005).[1]  At sentencing, the district court concluded that it did not have the constitutional authority to enhance Bryan's sentence based upon a quantity of drugs that exceeded the quantity contained in the indictment in light of  Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  The government objected at sentencing and argues that the district court erred by extending Blakely to the Sentencing Guidelines and refusing to enhance Bryan's sentence based on the sentencing guidelines even though the court decreased Bryan's sentence based upon a reduction for acceptance of responsibility pursuant to the guidelines.

In Booker, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  Booker, 543 U.S. at ___, 125 S.Ct. at 749-52. In a second and separate majority opinion, the Court in Booker concluded that, to

---

[1] Both parties' briefs in this appeal were filed prior to the Supreme Court's recent decision in Booker.  Therefore, we requested and received supplemental briefing on the effect of Booker.

best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including <u>de novo</u> review of departures from the applicable guideline range)—thereby effectively rendering the Sentencing Guidelines advisory only. <u>Id.</u> at ___, 125 S.Ct. at 764. The Supreme Court noted, however, that courts must continue to consult the Guidelines, together with the factors listed in 18 U.S.C. § 3553(a).[2] <u>Id.</u> The Court further indicated that both its "Sixth Amendment holding and . . . remedial interpretation of the Sentencing Act" must be applied to "all cases on direct review." <u>Id.</u> at ___, 125 S.Ct. at 769.

One of <u>Booker's</u> two defendants, Ducan Fanfan, was sentenced based upon the district court's partial application of the Guidelines. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 747. Specifically, the district court in Fanfan's case refused to apply enhancements for additional drug quantities exceeding the quantities contained in the indictment or in the jury's verdict, or for Fanfan's role in the offense, but did

---

[2] These factors include, <u>inter alia</u>, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. <u>See</u> 18 U.S.C. § 3553(a).

apply other provisions of the Guidelines that it found did not implicate the Sixth Amendment.  Id.  The Supreme Court held that Fanfan's sentence did not violate the Sixth Amendment because it did not exceed the sentence authorized by the jury's verdict.  Id. at ___, 124 S.Ct. at 769.  Nevertheless, the Court vacated Fanfan's sentence to allow the government to seek resentencing consistent with Booker.  Id.

Because the district court erred in light of Blakely and Booker by failing to properly calculate and consider the advisory Sentencing Guidelines range, we vacate and remand Bryan's sentence to the district court for resentencing consistent with Booker.[3]

Upon careful review of the sentencing transcript and the presentence investigation report, and upon consideration of the parties' briefs, we find reversible error.

**VACATED AND REMANDED.**

---

[3]  Bryan does not argue that the Booker error was harmless, but rather urges this Court to ignore the error and simply review for reasonableness. However, "once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120-21 (1992).