# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sharon Marie Wheeler, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2004
Filed: June 21, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and FAGG, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Sharon Wheeler pleaded guilty to two counts of bank fraud. *See* 18 U.S.C. § 1344. At her sentencing hearing, Ms. Wheeler and the government agreed that, under the United States Sentencing Guidelines, the applicable sentencing range was 30 to 37 months. The district court[1] *sua sponte* departed upward from that range and imposed a sentence of 48 months. Ms. Wheeler appeals the upward departure.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Ms. Wheeler first argues that the district court violated 18 U.S.C. § 3553(c)(2) by not identifying the facts upon which it relied in departing upward. In the district court's written statement of reasons, however, it explained that the upward departure was "based upon the damage caused by the instant offense to the financial security of [a named corporation]." Although the district court did not set out in its statement of reasons the facts from which it concluded that Ms. Wheeler's conduct imperiled the finances of the corporation, § 3553(c)(2) does not require such detail. All it requires is a statement of reasons sufficient to ensure adequate review of the departure, which is satisfied here. *Cf. United States v. Orchard*, 332 F.3d 1133, 1141 n.7 (8th Cir. 2003).

Ms. Wheeler next asserts that the record contained insufficient evidence to justify the upward departure. According to an application note of the sentencing guideline that applies to her offense, "an upward departure may be warranted" when "[t]he offense endangered the solvency or financial security of one or more victims." U.S.S.G. § 2B1.1, comment. (n.15(A)(v)) (2002). The presentence investigation report (PSR) states that "[t]he money embezzled by [Ms.] Wheeler was a substantial loss to [the corporation] ... [and] adversely affected the company's viability, profitability, and ability to staff the business." In fact, according to the same report, during one year Ms. Wheeler "embezzled over one-third of the total funds" of the corporation, following which the corporation "verged on bankruptcy," and its owners "were forced to begin funneling personal finances into the company to keep it afloat." Ms. Wheeler did not object to any of these statements in the PSR. The district court therefore did not err in concluding that Ms. Wheeler's embezzlement endangered the corporation's financial security and warranted an upward departure.

Ms. Wheeler also maintains that, rather than basing the upward departure on the consequences of her embezzlement, the district court relied on her criminal history, which already was taken into account by the guidelines calculation and thus was not a permissible ground for an upward departure, *see Williams v. United States*,

503 U.S. 193, 200 (1992). At the sentencing hearing, the district court did mention Ms. Wheeler's past convictions for misconduct similar to the offense in this case, but it did so only while explaining why it believed that a mental disease or condition from which Ms. Wheeler claimed to suffer did not cause her to perpetrate her crime. Ms. Wheeler's argument is therefore meritless.

Finally, Ms. Wheeler contends that the district court violated her sixth amendment rights by departing upward. Because Ms. Wheeler challenges the constitutionality of the upward departure for the first time on appeal, we review for plain error. *See United States v. Pirani*, 406 F.3d 543, 548-50 (8th Cir. 2005) (en banc). The district court sentenced Ms. Wheeler before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and erred by not sentencing Ms. Wheeler under the advisory-guidelines scheme set out in that case. Nevertheless, Ms. Wheeler has not "demonstrated a reasonable probability that [she] would have received a more favorable sentence with the *Booker* error eliminated." *Pirani*, 406 F.3d at 551. Indeed, the district court departed upward *sua sponte*. Ms. Wheeler is therefore not entitled to relief. *See id.* at 550-54.

Affirmed.

_____