**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4709**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALAN ROSS SEALOCK, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge.
(CR-02-344-MJG)

Submitted:  November 18, 2005      Decided:  December 29, 2005

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

David R. Solomon, GLASER & SOLOMON, L.L.C., Baltimore, Maryland,
for Appellant.  Allen F. Loucks, United States Attorney, Angela R.
White, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alan Ross Sealock, Jr., appeals his sentence of 115 months' imprisonment after a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000). Sealock's only claim is that the district court erred in sentencing him under a mandatory guidelines scheme in light of United States v. Booker, 125 S. Ct. 738 (2005). Sealock asserts his case should be remanded for imposition of the district court's alternative sentence of seventy-nine months. The Government asks this court to direct the district court to amend its judgment to impose the seventy-nine month sentence. For the reasons set forth below, we affirm Sealock's conviction, but vacate his sentence and remand for resentencing.

At sentencing, the district court imposed an alternative sentence based on its understanding of Blakely v. Washington, 542 U.S. 296 (2004), and as suggested by United States v. Hammoud, 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), judgment vacated, 125 S. Ct. 1051 (2005). The district court interpreted Blakely to mean that judicial fact finding regarding any sentencing factors (and using a preponderance of the evidence standard rather than beyond a reasonable doubt standard) was impermissible. Based on this understanding, and applying all of the adjustments and departures associated with its prior guidelines calculation except for a four-

level firearms enhancement, the district court announced a lower alternative sentence of seventy-nine months.

In Booker, the Supreme Court concluded that even in the absence of a Sixth Amendment violation, the imposition of a sentence under the mandatory guidelines regime was error. Booker, 125 S. Ct. at 769; see also United States v. White, 405 F.3d 208, 216-217 (4th Cir. 2005). This court explained in United States v. Hughes, 401 F.3d 540, 553 (4th Cir. 2005), that sentencing under a mandatory regime is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in Booker." The court recognized that "[t]his error . . . may be asserted even by defendants whose sentences do not violate the Sixth Amendment." Id. Such is the case here.

In White, we held that treating the guidelines as mandatory was plain error in light of Booker. Id. at 216-17. We declined to presume prejudice, id. at 217-22, holding that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because "the

record as whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)), we concluded in White that the error did not affect the defendant's substantial rights and affirmed the sentence. Id. at 225.

Here, unlike in White, the district court gave an alternative sentence of seventy-nine months' imprisonment. Because the alternative sentence is substantially lower than the 115-month sentence imposed by the court, the record provides a non-speculative basis for concluding the treatment of the guidelines as mandatory affected the district court's selection of the sentence imposed.

The parties ask that the judgment simply be amended to impose the alternative seventy-nine month sentence. However, the district court's alternative sentence relied on assumptions inconsistent with the Supreme Court's later decision in Booker, and the district court noted that if the guidelines were a factor to be considered in sentencing, as the Court essentially held in Booker, he could not guess what his sentence would be. Thus, we decline the parties' request that imposition of the alternative sentence be directed. Instead, in deference to the district court, we remand for resentencing anew. On remand, the district court should first determine the appropriate sentencing range under the guidelines,

making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence, as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

In sum, we affirm Sealock's conviction, vacate his sentence, and remand for resentencing in accordance with Booker.[*] We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005),"[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Sealock's sentencing.

- 5 -