[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12376
Non-Argument Calendar

_____

D. C. Docket No. 04-00438-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLANREWAJU ETISAN OLORUNTOBA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 30, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

On November 4, 2004, appellant, a narcotics courier, pled guilty to both

counts of an indictment: Count One, possession with intent to distribute at least 700 grams of a mixture or substance containing heroin, in violation of 21 U.S.C. § 841(a)(1), and Count Two, importing the same 700 grams into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(A).[1] On April 14, 2005, the district court sentenced appellant to concurrent prison terms of 63 months. He now appeals his sentences, contending that the district court, in determining his offense level, erred in denying him a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b).

At his sentencing hearing, appellant argued that he was entitled to a minor-role reduction because he was not paid a great amount of money in comparison to the value of the drugs involved, and there might have been other individuals in London, Nigeria, and Atlanta who were more culpable than he was for smuggling the drugs. Thereafter, the following exchange took place:

| | |
|---|---|
| [Court]: | . . . I don't think that a person that's done what he has done in this case can just be given a minor role. I mean, I understand your position with respect to this. |
| [Defense counsel]: | Can I ask, is it - - |
| [Court]: | He is the importer. |
| [Defense counsel]: | I want to clarify this. That because he is the person doing the importation, never can he be [sic] a minor role? Anybody that imports, physically |

_____

[1] Appellant brought the subject drugs into the United States on a flight from Caracas, Venezuela to Atlanta, Georgia. The drugs were in 65 pellets he had swallowed. Appellant was taken to an Atlanta hospital where he expelled the pellets. The weight of the heroin was 830.9 grams.

|                     |                                                      |
|---------------------|------------------------------------------------------|
|                     | imports can never get a minor role under the         |
|                     | importation statute?                                 |
| [Court]:            | Yeah. I'll go there.                                  |
| [Defense counsel]:  | Thank you.                                            |
| [Court]:            | All right.                                            |
| [Government]:       | Judge, for the record, and anticipating an appeal    |
|                     | from [the defendant].                                 |
| [Defense counsel]:  | Correct.                                              |
| [Government]:       | With respect to the role of the other participants in |
|                     | this conspiracy, is the Court finding that the       |
|                     | defendant hasn't shown that he had any lesser role   |
|                     | than these other people who he has identified?       |
| [Court]:            | I agree with that statement. I think your point is   |
|                     | well-taken. I'll agree with that.                    |

"The district court's interpretation of the sentencing guidelines is subject to

de novo review on appeal, while its factual findings must be accepted unless

clearly erroneous." United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005)

(quotations and citations omitted), cert. denied, (U.S. Dec. 5, 2005) (No. 05-7380).

Specifically, we review the district court's determination of a defendant's role in

the offense for clear error. See United States v. De Varon, 175 F.3d 930, 937 (11th

Cir. 1999). A defendant "who is less culpable than most other participants, but

whose role could not be described as minimal" is entitled to a two-level reduction

for his minor role. U.S.S.G. § 3B1.2(b), comment. (n. 5). "The proponent of the

downward adjustment . . . always bears the burden of proving a mitigating role in

the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939. In

determining the defendant's role, the decision falls within the sound discretion of

the district court: "a trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." Id. at 945. As long as the district court's decision is supported by the record, the sentencing judge need not make specific subsidiary factual findings regarding the defendant's role in the offense. Id. at 939. Lastly, harmless error is applied to sentencing cases, and remand is unnecessary, if the party defending the sentence persuades us that the district court would have imposed the same sentence absent the district court's error. See United States v. Williams, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992).

In De Varon, we established a two-part test to determine whether a mitigating-role reduction is appropriate. See De Varon, 175 F.3d at 940-45. In applying the first prong, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. Furthermore, "in the drug courier context, [] the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943 (citation omitted).

4

In the second prong of the De Varon analysis, the district court may assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." Id. at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants." Id.

Where, as here, a defendant does not challenge the factual statements in the presentence investigation report ("PSI"), he admits to those facts. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (citations omitted). Furthermore, a defendant's allegations made during sentencing are insufficient on their own to warrant a minor-role reduction. See United States v. Kapelushnik, 306 F.3d 1090, 1095 (11th Cir. 2002) (citations omitted) (holding that defense counsel's mere allegations during sentencing did not constitute a sufficient evidentiary basis upon which to grant a downward departure under the sentencing guidelines).

The record in this case supports the district court's denial of a minor-role reduction because appellant offered no factual basis upon which to conclude that his actual conduct was any different than the relevant conduct for which he was

5

held accountable. See De Varon, 175 F.3d at 940-41. First, he failed to object to the presentence report, and thus admitted that he imported at least 700 grams of heroin. See Shelton, 400 F.3d at 1330. Second, his mere allegations that he was not paid a great amount of money in comparison to the value of the drugs, and that others may have been more culpable than him for smuggling the drugs, are insufficient to prove that he was entitled to a minor-role reduction. See Kapelushnik, 306 F.3d at 1095. Thus, the court did not clearly err in finding that he had failed to meet either prong of the mitigating role test, and was thus not qualified for a minor-role reduction. See De Varon, 175 F.3d at 939; U.S.S.G. § 3B1.2(b), comment. (n. 5).

To the extent that the court erred in holding, as a matter of law, that a drug courier can never qualify for a minor-role reduction, this error is harmless because appellant had otherwise failed to establish eligibility for the reduction. See Williams, 503 U.S. at 203, 112 S.Ct. At 1120.

**AFFIRMED.**