**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4569**

———————

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

    versus

BRYANT JONES,

                                     Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-00-240)

———————

Submitted: March 17, 2006           Decided: April 3, 2006

———————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Craig W. Sampson, Richmond, Virginia, for Appellant. Patricia M. Haynes, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bryant Jones was convicted by a jury of conspiracy to commit armed bank robbery, 18 U.S.C. § 371 (2000); armed bank robbery, 18 U.S.C. § 2113(a), (d) (2000); and use of a firearm during the commission of a violent crime, 18 U.S.C. § 924(c) (2000), and was originally sentenced to 147 months imprisonment. The district court granted relief on Jones' 28 U.S.C. § 2255 (2000) motion in which he challenged the calculation of his guidelines sentence. Jones was resentenced in July 2004 to 51 months on the bank robbery offenses and a mandatory consecutive 60-month sentence on the § 924(c) offense.

Jones appeals, claiming that the district court erred in applying the guidelines as mandatory, in violation of United States v. Booker, 543 U.S. 220 (2005). Because Jones did not raise this objection below, review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir.), cert. denied, 126 U.S. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). The sentencing transcript contains no

nonspeculative basis on which this court could conclude that the district court would have imposed a lesser sentence had the court proceeded under an advisory guideline regime. Thus, we find that Jones has failed to demonstrate that the plain error in sentencing him under a mandatory guideline scheme affected his substantial rights. See id. at 225.

Accordingly, we affirm Jones' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED