**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5112**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY ANTOINE SAUNDERS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-03-484-DKC)

---

Submitted: March 8, 2006          Decided: May 2, 2006

---

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Barry J. Pollack, COLLIER, SHANNON & SCOTT, P.L.L.C., Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Antoine Saunders was convicted by a jury of conspiracy to distribute and to possess with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 846, 924(c)(1)(A)(I) (2000), respectively. On the first count, the district court sentenced Saunders to 121 months' imprisonment, a sentence at the bottom of the sentencing guidelines range and one month above the statutory mandatory minimum sentence. On the second count, the district court sentenced Saunders to five years' imprisonment consecutively, as required by statute. Saunders appeals.

First, Saunders challenges the district court's denial of his pretrial motion to suppress evidence collected at a search of his residence. The affidavit supporting the warrant contained facts alleging that Saunders conducted coded conversations with a known drug dealer, that Saunders met with the drug dealer at intersections in and around the District of Columbia, and that Saunders resided at one of the investigation's target locations cited in the affidavit. However, aside from a statement reflecting the affiant's observation, based on training and experience, that drug dealers often store the fruits and instrumentalities of their crimes at their residences, the affidavit contained no information linking the residence to alleged drug activity. The district court

- 2 -

agreed with Saunders that the affidavit for the search warrant did not provide information alleging a nexus between Saunders' residence and suspected drug activity sufficient to establish probable cause. However, the district court upheld the legality of the search under the good faith exception to the exclusionary rule. See United States v. Lalor, 996 F.2d 1578 (4th Cir. 1993) (upholding the denial of a motion to suppress items seized pursuant to a search warrant for the defendant's residence under the good faith exception despite the failure of the warrant application to set forth information alleging a connection between the defendant's drug activity and his residence).

If a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. United States v. Leon, 468 U.S. 897, 922-23 (1984). Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; and (4) the warrant is so facially deficient that an officer could not reasonably rely on it. United States v. Wilhelm, 80 F.3d 116, 121-22 (4th Cir. 1996); United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995). Having reviewed the materials submitted in the joint appendix and

supplemental appendix, we conclude that the district court did not err in applying the good faith exception in this case.

Next, Saunders argues that the district court should have issued a multiple conspiracy instruction to the jury, or, in the alternative, the court erred in denying his motions for a new trial and for a judgment of acquittal. A multiple conspiracy jury charge is required only when "the proof at trial demonstrates that [the defendant was] involved only in separate conspiracies unrelated to the overall conspiracy charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000).

A trial court commits reversible error by not giving such an instruction only when the defendant can establish that he or she was "prejudiced by the variance between the single conspiracy charged in the indictment and the multiple conspiracies proven at trial." Id. at 575 (citation and internal quotation marks omitted). To establish prejudice, the defendant must show that "there are so many defendants and so many separate conspiracies before the jury that the jury was likely to transfer evidence from one conspiracy to a defendant involved in an unrelated conspiracy." Id. As the district court properly found on several occasions throughout the proceedings, a multiple jury instruction would not have been appropriate, Saunders suffered no prejudice from the refusal of a multiple conspiracy instruction, and there is no

- 4 -

material variance between the indictment and the Government's evidence at trial requiring reversal.

Finally, Saunders argues for the first time on appeal that the district court erred by sentencing him under the then-mandatory sentencing guidelines, and that he was prejudiced by this error because there is a nonspeculative reason to conclude he would have been sentenced to a term of imprisonment one month shorter had the district court applied the guidelines in an advisory manner.

In <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Supreme Court concluded that even in the absence of a Sixth Amendment violation, the imposition of a sentence under the mandatory guidelines scheme was error. <u>Id.</u> at 267-68 (Breyer, J., opinion of the Court); <u>see also</u> <u>United States v. White</u>, 405 F.3d 208, 216-17 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005). As we explained in <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005), sentencing under a mandatory scheme is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in <u>Booker</u>." <u>Id.</u> at 553. We recognized that "[t]his error . . . may be asserted even by defendants whose sentences do not violate the Sixth Amendment." <u>Id.</u>

In <u>White</u>, 405 F.3d at 215, we reviewed for plain error where the mandatory application of the guidelines was not raised in the district court, and held that treating the guidelines as mandatory was plain error in light of <u>Booker</u>. <u>Id.</u> at 216-17. We

declined to presume prejudice, id. at 217-22, holding that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because "the record as whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)), we concluded in White that the error did not affect the defendant's substantial rights, and thus affirmed the sentence. Id. at 225.

Here, Saunders asserts that a statement by the district court at the sentencing hearing provides a nonspeculative basis for concluding that the application of the guidelines as mandatory affected the sentence imposed. Specifically, he points to the district court's comment that "I do believe that in the facts as I see them now concerning Mr. Saunders, the mandatory minimums do set a sentencing range that is more than sufficiently high with regard to Mr. Saunders." However, the district court noted Saunders' disruptive behavior immediately thereafter and commented that:

- 6 -

I am sorry that he has taken that tact that he has taken here today, but I am not going to use that as a justification for sentencing him above the bottom of the guidelines. He is facing 1 month over 15 years at the bottom of these guidelines, and I think, under the circumstances, that is sufficient.

On this record, we conclude that Saunders has not presented a nonspeculative basis to conclude that the mandatory nature of the guidelines affected the sentence that the district court imposed.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED