United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30325
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD BURRELL, also known as Gerald Floyd,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-116-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

Gerald Burrell appeals his conviction of possession of a firearm by a convicted felon. He argues that the district court erred by departing upwardly based on his criminal history, pursuant to U.S.S.G. § 4A1.3(a)(1), p.s., and that the district court erred by denying him a downward adjustment for acceptance of responsibility.

Regardless whether the district court relied in part on criminal episodes that should not have been considered, at least one episode that did not result in a conviction was properly

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered in the upward departure decision.  Nothing in the record suggests that the district court would have imposed anything less than the maximum sentence allowed by the sentencing range that resulted from its conservative method of determining an appropriate range.  See Williams v. United States, 503 U.S. 193, 203 (1992).  The decision to depart upwardly was not an abuse of discretion, see United States v. Simkanin, 420 F.3d 397, 416 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006), and the resulting sentence was reasonable.  See United States v. Smith, 417 F.3d 483, 490 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005).

Burrell engaged in criminal conduct while on pretrial release.  The district court did not err by denying him a downward adjustment for acceptance of responsibility.  See United States v. Hooten, 942 F.2d 878, 883 (5th Cir. 1991).

AFFIRMED.