**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4090**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROCKY ALAN VANBUREN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:98-cr-00023-HCM))

Submitted: July 25, 2007          Decided: August 8, 2007

Before MICHAEL and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nathaniel Jarrett Webb, III, Newport News, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Richard D. Cooke, William D. Muhr, Assistant United States Attorneys, Tiffany T. Crawford, Third Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rocky Alan VanBuren was convicted in 1998 by a jury for possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 168 months of imprisonment. In 2005, VanBuren filed a post-judgment motion alleging, inter alia, that counsel had been ineffective in failing to file a timely notice of appeal as requested. The court granted relief on this ground under 28 U.S.C. § 2255 (2000), vacated VanBuren's sentence, and imposed the same sentence in the judgment order, thereby allowing VanBuren an opportunity to file a timely notice of appeal. On appeal, VanBuren argues that his sentence violates United States v. Booker, 543 U.S. 220 (2005), that his counsel was ineffective, and that the district court abused its discretion in limiting defense counsel's cross-examination of one of the Government's witnesses. We affirm.

On appeal, VanBuren maintains that his post-Booker sentence is unreasonable. Specifically, he claims that the district court, in granting post-conviction relief, violated Booker by imposing the same sentence without conducting a hearing, treating the sentencing guidelines as advisory, and considering the factors enumerated in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), as required under Booker. VanBuren also posits a different but related argument claiming that his pre-Booker sentence is unreasonable because the court treated the guidelines as mandatory

and failed to adequately consider the factors under § 3553(a). Although VanBuren predominantly challenges his sentence on reasonableness grounds, he briefly asserts a Sixth Amendment argument.

After Booker, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted).

As a threshold matter, VanBuren improperly treats the district court's reentry of judgment as substantive proceedings subject to challenge under Booker. Clearly, the district court vacated VanBuren's sentence and reimposed the same sentence in order to reinstate his direct appeal rights. Because VanBuren was effectively sentenced pre-Booker, the reasonableness standard of review is inapplicable. See United States v. Hadden, 475 F.3d 652, 667-69 (4th Cir. 2007) (holding that a court is free to merely

"correct" a prisoner's sentence without the need for a formal resentencing).

In reviewing VanBuren's 1998 sentencing proceedings on constitutional and statutory grounds under Booker, because he made no objection to his sentence calculation in the district court, the claims are reviewed for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993); Hughes, 401 F.3d at 547-48. Under the plain error standard, VanBuren must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

Here, the indictment specifically charged VanBuren with possession with intent to distribute in excess of fifty grams of cocaine base. His offense level was determined solely by the guideline dictating an offense level of thirty-two if the defendant was responsible for at least fifty grams but less than 150 grams of cocaine base, see U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (1997). No enhancements were made to VanBuren's sentence. Because the court made no findings that increased VanBuren's sentence beyond what it would be based only on facts found by the jury, no Sixth Amendment violation occurred.

- 4 -

Nor can VanBuren demonstrate any prejudice from the mandatory application of the Guidelines. In <u>United States v. White</u>, 405 F.3d 208 (4th Cir. 2005), this court determined that, "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in <u>Booker</u> is error" that is plain. <u>Id.</u> at 216-17. The court also concluded that, to satisfy the third prong of the plain error test, an appellant must demonstrate actual prejudice. <u>Id.</u> at 217-24. White could not satisfy this requirement, however, because he could not establish that the application of the Guidelines as mandatory had an effect on "'the district court's selection of the sentence imposed.'" <u>Id.</u> at 223 (quoting <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992)). In this case, the record does not reveal any nonspeculative basis to indicate that the district court would have imposed a lesser sentence by treating the Guidelines as advisory. VanBuren therefore cannot demonstrate that the district court's error in sentencing him pursuant to a mandatory guidelines scheme affected his substantial rights.

VanBuren also alleges on appeal that counsel was ineffective in (1) failing to pursue a guilty plea which would have resulted in a three-point reduction for acceptance of responsibility; (2) failing to present evidence controverting the Government's allegations; (3) failing to contest the results of the

laboratory report; and (4) compelling VanBuren to become a witness against himself. This court "may address [claims of ineffective assistance of counsel] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006). Because we find that ineffective assistance of counsel does not conclusively appear on the record, we do not address these claims.

Last, VanBuren argues that the district court erred in limiting cross-examination of the Government's chain-of-custody witness concerning the witness's placement on administrative leave. This court reviews evidentiary rulings for an abuse of discretion. United States v. Cooper, 482 F.3d 658, 662-63 (4th Cir. 2007). We have reviewed the record and find no abuse of discretion.

Accordingly, we affirm VanBuren's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED