NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0066n.06
Filed: January 18, 2008

No. 06-5788

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee, | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| ARGELIO TORRES-LOPEZ, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Petitioner -Appellant . | ) | DISTRICT OF TENNESSEE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE:    KEITH and CLAY, Circuit Judges; and HOOD, District Judge.[*]

**DAMON J. KEITH, Circuit Judge.**  Petitioner Argelio Torres-Lopez appeals from the

December 3, 2004 sentence imposed by the United States District Court for the Eastern District of

Tennessee for drugs and firearms-related convictions.  For the reasons stated below, we **AFFIRM**.

### I. BACKGROUND

On March 18, 2004, Appellant pled guilty to the charges of carrying a firearm in relation to

a drug trafficking offense in violation of 18 U.S.C. § 924(c), and conspiracy to distribute 500 grams

or more of methamphetamine in violation of 21 U.S.C. § 846.  On December 3, 2004, Appellant was

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

1

sentenced to 185 months imprisonment – 125 months on the drug charge and a statutory mandatory consecutive sentence of 60 months on the § 924 firearm charge.

After both the defense and the government filed a joint motion, this Court vacated the sentence and remanded the case for re-sentencing in light of *United States v. Booker,* 543 U.S. 220 (2005). This Court's remand order, however, did not instruct the district court to reconsider Appellant's criminal history level, which Appellant argues was incorrectly calculated as level III, rather than level II. At the re-sentencing hearing, the district court again imposed the same 185 month sentence, holding that "even if the Court calculated the guidelines differently, the Court would have imposed a sentence of 185 months. The Court believes that such a sentence would have been well within the statutory maximum, which for Mr. Torres Lopez would be life imprisonment." (JA 109-11).

## II. DISCUSSION

This Court reviews sentencing decisions for reasonableness. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). Factual findings are reviewed for clear error and conclusions of law are reviewed de novo. *United States v. Hazelwood*, 398 F.3d. 792, 794 (6th Cir. 2005). This Court has held that a sentence may be procedurally unreasonable "if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Collington*, 461 F.3d at 808 (internal citations omitted). A sentence may be substantively unreasonable "when the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, [or] fail[s] to consider pertinent § 3553(a) factors or giv[es] an

2

unreasonable amount of weight to any pertinent factor." *Id*. (internal citations omitted).

In refuting Appellant's claims, the government does not dispute the facts supporting his contention that Appellant's criminal history category should have been calculated as level II rather than level III. Instead, the government contends that the district court recognized this discrepancy, and nevertheless imposed the same 185-month term at re-sentencing. Defendant argues that due to the miscalculation, stemming from the failure to consider prior convictions as related offenses, the Guideline range should not have exceeded 180 months.

Appellant's sentence was not remanded to address the potential miscalculation in Appellant's criminal history level, but only for reconsideration in light of *Booker*. Judge Collier found that he need not address the question of whether he was authorized to address the potential miscalculation on a *Booker* remand because he would have issued the same sentence whether Appellant had a criminal history level of II or III. Based on the factors outlined in 18 U.S.C. § 3553(a), the court determined that a 185-month sentence was appropriate for both a level II or level III defendant.

Appellant argues that the 185-month sentence is outside the Guideline range, which he calculates as 180 months based on a criminal history level of II. Appellant further contends that pursuant to 18 U.S.C. § 3553(c), the district court was required to state its reasons for issuing a sentence outside this range.

At re-sentencing, the district court did indeed consider Appellant's contention that his sentence should have been calculated based on a criminal history level of II. The court also properly stated its specific reasons for exceeding the guideline range by four months. At re-sentencing, Judge

3

Collier stated:

> Since the Court sentenced Mr. Torres Lopez previously, the court is now required to consider him anew. And in doing so, the court is required to consult the guidelines and the guideline range the Court established, which is not disturbed, and the Court is also required to consider all the factors stated in Section 3553(a), which the Court discussed with counsel.
>
> The defendant in this case previously was facing a sentence of 180 to 195 months, and the Court imposed a sentence of 185 months. This was on the low end of the guideline range that the Court figured. This decision to impose a sentence was driven in part by the defendant's prior record and also by the nature of the offense involved here. . . .
>
> Considering the facts of this case and the defendant's background, the Court was of the opinion that, even though it had leeway, a sentence of 185 months was the appropriate sentence. Even if the Court had accepted the argument of [defense counsel] and regarded the guideline range as being as that he proposed, the Court would still be of the opinion that a sentence of 185 months would be appropriate.
>
> In making this statement, then, the Court is necessarily saying that *even if the Court calculated the guidelines differently*, the Court would have imposed a sentence of 185 months. The Court believes that such a sentence would have been well within the statutory maximum, which for Mr. Lopez would be life imprisonment. The Court believes that such a sentence would have been no more severe but severe enough to provide adequate deterrence to others who might be interested in committing this type of offense, adequate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The Court, in making this decision, has considered the defendant's unique personal background and characteristics. The Court has also considered the nature of the offense.

(JA 109-11) (emphasis added).

Based on the record below, it appears Judge Collier did consider the implication of calculating the sentence based on a level II, rather than level III criminal history level. He properly stated his specific reasons for choosing to issue the 185 month sentence – namely, the facts of the case, the defendant's background, the deterrent effect of the sentence, and the importance of issuing a sentence that reflected the serious nature of the offense, promoted respect for the rule of law, and provided just punishment for the offense.

4

Even if the district court failed to consider the proper criminal history level, this Court has held that if any such error "did not affect the district court's selection of the sentence imposed," the Court will not vacate the sentence and remand. *Hazelwood*, 398 F.3d at 801 (quoting *Williams* v. United States, 503 U.S. 193, 203 (1992)). Here, because the district court made clear that its sentencing order would have been the same regardless of the discrepancy in the criminal history level, any error in determining the criminal history level was harmless. *See also* Fed. R. Crim. P. 52(a) (stating that any error "not affecting substantial rights" is harmless and must be disregarded).

Because the district court specified the reasons for the 185 month sentence and found that an alternative history level would not have yielded a shorter sentence, we **AFFIRM** the district court's judgment and sentence.