ALEXANDER, J.,
dissenting
[¶ 41] I respectfully dissent from the Court’s decision to reconsider and revise its well-considered decision of March 16, 2017, 2017 ME 48, 2017 WL 1052644.
[¶ 42] It should be apparent, without any doubt, that the minor items of character, reputation and credibility evidence Jonas claims were excluded by the single justice’s application of the Maine Rules of Evidence should not and cannot make any difference in the previously affirmed result. Such evidence from persons who, it would appear, are unlikely to be aware of the full scope of Jonas’s past practices is not going to make a difference given Jonas’s record of two decades of abusive litigation practices, disregard of his ethical obligations, and disrespect for court orders that formed the basis for the single justice’s decision that we affirmed.
[¶ 43] A properly preserved error in ruling on evidence is harmless “if it is highly probable that the error did not affect the [single justice’s] judgment.” State v. Guyette, 2012 ME 9, ¶ 19, 36 A.3d 916 (quotation marks omitted); Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). It is more than highly probable that any error in exclusion of evidence by the single justice did not affect the judgment here.
[¶ 44] No prejudicial error having been demonstrated, I would summarily deny the motion for reconsideration.