[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15691
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00064-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAJAUN DARNELL GRANDISON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 20, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Rajaun Grandison appeals his 51-month sentence for possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  He argues that the district court erred by raising his base offense level to 20 under U.S.S.G. § 2K2.1(a)(4)(A).  Because any alleged error was harmless, we affirm.

## I

After Grandison pleaded guilty to one count of being a felon in possession of a firearm, the probation office prepared a presentence investigation report, which recommended that Grandison receive a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).  That provision states that a defendant who unlawfully possesses firearms is to receive a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of … a crime of violence…."  The PSI concluded that Grandison's prior conviction for battery under Fla. Stat. § 784.03 qualified as a "crime of violence."  Grandison objected to the base offense level calculation, arguing that his conviction under Fla. Stat. § 784.03 does not qualify as a "crime of violence."

The district court overruled Grandison's objection, and based on the offense level calculated in the PSI and Grandison's criminal history, arrived at an advisory guidelines range of 51 to 63 months imprisonment.  If Grandison's Florida battery conviction did not qualify as a "crime of violence," then his base offense level

would have been 14, and his guidelines range would have been 30 to 37 months imprisonment.  The district court sentenced Grandison at the low end of the range calculated in the PSI, imposing a 51-month sentence.  In doing so, the court stated that even if it had not concluded that the base offense level should be 20, it would have reached the same sentence under its 28 U.S.C. § 3553(a) authority to impose a reasonable sentence outside the guidelines range.

## II

In his appeal to us, Grandison argues that the district court erred in applying a base offense level of 20 because his earlier battery conviction under Fla. Stat. § 784.03 does not qualify as a crime of violence.  We need not address that argument because as will be explained below, any error was harmless.[1]

When a district court clearly states that it would impose the same sentence regardless of its resolution of a guidelines dispute, any error is harmless, as long as the sentence imposed is reasonable.  *See United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).  After the court overruled Grandison's objection and found what it believed to be the appropriate guideline range, the court made clear that even if its conclusion about the battery conviction was wrong, it would still have imposed the same 51-month sentence:

---

[1] We review *de novo* whether a purported error is harmless.  *See United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015).

> I am going to impose a guideline sentence. I'm going to impose it at the low end of the guideline range, which is 51 months …. But I would impose that sentence regardless of my decision on the base offense level in terms of whether or not I'm correct about your prior qualifying conviction giving you a base offense level of 20 on that battery. And the reason is…because of the criminal history, the nature of it and the amount of it, and the fact that you were on an active probation sentence at the time this criminal conduct occurred.

Because the district court clearly stated that it would have imposed the same sentence regardless of its resolution of the dispute about Grandison's base offense level, the only issue is whether the sentence was reasonable. "In determining whether it is reasonable we must assume that there was a guidelines error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Keene*, 470 F.3d at 1349.

As explained above, if the district court had decided the U.S.S.G. § 2K2.1(a)(4)(A) issue in Grandison's favor, the advisory guidelines range would have been 30 to 37 months, instead of 51 to 63 months. The question then is whether the 51-month sentence the court imposed is reasonable, "assuming exactly the same conduct and other factors in the case" but using an advisory range of 30 to 37 months. *Keene*, 470 F.3d at 1350.

"Our post-*Booker* reasonableness review takes into account the § 3553(a) factors as well as the advisory guidelines range." *Id.* "It is a 'deferential' review,

4

and the burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a)." *Id.* (quoting *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006)).  Grandison cannot carry the burden of showing that his 51-month sentence was unreasonable even with an assumed advisory guidelines range of 30 to 37 months.

The facts developed during the sentence process were these: (1) Grandison, at 34 years of age, had already been convicted of 15 different crimes; (2) Grandison's earlier crimes included multiple instances of battery, including on a law enforcement officer, resisting a law enforcement officer with violence, disorderly conduct, criminal mischief, leaving the scene of an accident involving injury, animal abuse, burglary of an occupied dwelling, and grand theft auto; and (3) Grandison was on probation when he committed the instant offense. Given the circumstances, a sentence of 51 months is not unreasonable regardless of whether the guidelines range is 30 to 37 months or 51 to 63 months.  *See United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006) ("[A] district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence.").

For the reasons explained above, we conclude that even if there was a misapplication of U.S.S.G. § 2K2.1(a)(4)(A), "the error did not affect the district

5

court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992).

**AFFIRMED.**