**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30223 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00211-TOR-1 |
| v. | |
| ADRIAN LAROY SEYMORE, AKA Adrian Leroy Seymore, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted December 7, 2018[**]
Seattle, Washington

Before: W. FLETCHER and BYBEE, Circuit Judges, and BURNS,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

Adrian Laroy Seymore pleaded guilty to one count of cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(A), 2261(b)(5). We have jurisdiction to review Seymore's sentence under 28 U.S.C. § 1291.

The presentence report (PSR) recommended a four-level increase to the base offense level under United States Sentencing Guidelines Manual (U.S.S.G.) § 2A6.2(b)(1). The four-level increase is appropriate if the offense involved two or more of the following aggravating factors: "(A) the violation of a court protection order; (B) bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; (D) possession, or threatened use, of a dangerous weapon; or (E) a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim." U.S.S.G. § 2A6.2(b)(1). Seymore conceded factor (E). The district court found that the offense also involved factors (A) and (D) and applied the recommended four-level enhancement. Seymore argues that the district court erred by basing its findings as to factors (A) and (D) solely on disputed portions of the PSR, thereby relieving the government of its burden to prove by a preponderance all facts necessary to enhance the offense level. *See United States v. Burnett*, 16 F.3d 358, 361 (9th Cir.1994).

"[A] district court may not rely exclusively on a PSR '[w]hen a defendant contests the *factual basis* of a PSR.'" *United States v. Snipe*, 515 F.3d 947, 955

2

(9th Cir. 2008) (quoting *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir. 2005) (en banc)). The district court based its factor (D) finding on a paragraph in the PSR that stated that Seymore had used a gasoline-filled bottle to set his estranged wife's car on fire. Seymore did not contest that statement's truth. Instead, he argued that "a glass filled with gasoline by itself does not . . . constitute a dangerous weapon." Thus, the factual basis of the district court's dangerous weapon finding was uncontested. Because "the district court may rely on undisputed statements in the PSR at sentencing," *Ameline*, 409 F.3d at 1085, the district court did not err in relying solely on the PSR to reach its dangerous weapon finding under factor (D) of U.S.S.G. § 2A6.2(b)(1).

Any error regarding the court's finding of the factor (A) "protective order" aggravator was harmless. *Williams v. United States*, 503 U.S. 193, 203 (1992).

**AFFIRMED**.