**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**June 20, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA SLINKARD,

    Defendant - Appellant.

No. 23-5071
(D.C. No. 4:21-CR-00266-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Defendant-Appellant Joshua David Slinkard pled guilty to two counts of aggravated sexual abuse in Indian country, 18 U.S.C. §§ 1151, 1153, 2241(c), and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4), (b)(2). The district court sentenced him to life in prison. On appeal, he argues the district court made two errors affecting the duration of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

The parties are familiar with the facts, so we need not restate them here other than to discuss the relevant sentencing issues and the dispositive contentions. The presentence report (PSR) recommended application of a two-point enhancement for using a computer to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct. See U.S.S.G. § 2A3.1(b)(6)(B); PSR para. 20. Over Mr. Slinkard's objection, the district court applied the enhancement based on "testimony and evidentiary materials supportive of the statements[.]" II R. 74. However, as the government now concedes, "no testimony or evidentiary materials in the record at sentencing established the enhancement by a preponderance of the evidence[,]" and application of the enhancement was error. Aplee. Br. at 16.

Later, when analyzing the general sentencing factors under 18 U.S.C. § 3553(a), the district court noted that Mr. Slinkard had "two prior convictions related to the sexual abuse of children[.]" II R. 90. Mr. Slinkard did not object. Neither of Mr. Slinkard's convictions predate the conduct underlying his federal offense, so they are not "prior" convictions for sentencing guidelines purposes. Aplt. Br. at 19–21. The government assumes "the district court's characterization of [Mr.] Slinkard's criminal history during its discussion of the § 3553(a) factors was plainly erroneous," but argues that the error did not affect his substantial rights. Aplee. Br. at 23–25.

2

**Discussion**

Normally, we review the district court's legal determinations de novo and its factual findings for clear error. United States v. Jackson, 82 F.4th 943, 949 (10th Cir. 2023). Given the government's concession of error, we proceed to consider harmless error. On the computer enhancement, the government has the burden to demonstrate by a preponderance that Mr. Slinkard's substantial rights were not affected, see United States v. Harrison, 743 F.3d 760, 764 (10th Cir. 2014); on the misstatement concerning his prior convictions, Mr. Slinkard has the burden to demonstrate that the plain error affected his substantial rights, see Greer v. United States, 593 U.S. 503, 508 (2021).

First, we agree with the government that the computer enhancement was harmless because the guideline range was unaffected. It is undisputed that without the enhancement, Mr. Slinkard's total offense level would have been 46 instead of 48. And under the Sentencing Guidelines table, offense levels of 43 and over are treated the same, with the recommendation being a life sentence. U.S.S.G. ch. 5, pt. A. Thus, the guidelines recommended life in prison regardless of whether the enhancement applied. Nothing in the record convinces us that the error, or the prosecutor's reliance upon it, affected "the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

Second, Mr. Slinkard has not demonstrated that the district court's statement about his convictions affected his substantial rights. The record is to the contrary and indicates that the court clearly understood the nature of the convictions. The PSR correctly recommended the addition of three criminal history points for Mr. Slinkard's conviction

3

in Mayes County, see U.S.S.G. § 4A1.1(a), and no addition of criminal history points for Mr. Slinkard's conviction in Tulsa County which formed "part of the instant offense[,]" see id. § 4A1.2(a). PSR paras. 43–44. At sentencing, the district court correctly recognized that the Mayes County sentence was "unrelated to the instant offenses." II R. 77. Accordingly, the court adopted the PSR's recommendation (making several changes unrelated to Mr. Slinkard's state convictions) and correctly calculated Mr. Slinkard's criminal history category. Judgment at 1. The district court clearly misspoke, and there is no reasonable probability of a different outcome.

Mr. Slinkard argues that the cumulative effect of the above errors warrants reversal, but we are not persuaded that the errors, considered together, prejudiced Mr. Slinkard. See United States v. Rivera, 900 F.2d 1462, 1469–70 (10th Cir. 1990) (en banc).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4